FILED    ___ LODGED
___ RECEIVED    ___ COPY

MAR 3 0 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

REDACTED FOR
PUBLIC DISCLOSURE

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>    v.<br><br>Sue J. Taylor,<br>aka Janice Sue Taylor,<br><br><br>                Defendant. | NO. CR 10 - 400-PHX-mHM CE LU)<br><br>**I N D I C T M E N T**<br><br>VIO: 26 U.S.C. § 7201<br>        (Evasion of Assessment)<br>        Counts 1-4<br><br>        26 U.S.C. § 7203<br>        (Willful Failure to File Return)<br>        Counts 5-8 |

THE GRAND JURY CHARGES:

**INTRODUCTION**

At all times material to this Indictment:

1.      Defendant SUE J. TAYLOR, aka JANICE SUE TAYLOR, was a resident of Gilbert or Florence, Arizona.

2.      The Internal Revenue Service (IRS) is an agency of the United States Department of Treasury responsible for enforcing and administering the tax laws of the United States and collecting taxes owed to the Treasury of the United States.

3.      National Landbank LLC was a limited liability company organized under the laws of the State of Arizona and for which Articles of Organization were filed on February 27, 1995 with the Arizona Corporation Commission. The two members of National Landbank listed in the Articles of Organization were TAYLOR and Speck Trust. National Landbank filed

1   Articles of Termination/Winding Up on or about November 22, 2006 with the Arizona

2   Corporation Commission.

3       4.      An Employer Identification Number (EIN) is used by the IRS to identify a

4   business entity. On or about October 13, 1995, TAYLOR applied for an EIN for National Land

5   Bank and was assigned EIN 48-****566.

6       5.      During the years 2003, 2004, 2005, and 2006, TAYLOR represented National

7   Landbank to be a real estate brokerage or agency through which she did business and earned

8   commissions as a licensed real estate broker or agent. TAYLOR did not report these earnings

9   to the IRS on any tax forms issued by National Landbank or on a personal tax return as required

10  by law.

11      6.      During the years 2003, 2004, 2005, and 2006, TAYLOR profited from real estate

12  transactions in which she held an ownership interest. TAYLOR did not report these earnings to

13  the IRS. Instead, TAYLOR hid her ownership interest in the properties from the IRS and from

14  other participants in the transaction through the use of trusts and other business entities. For

15  example, on or about July 1, 2004, TAYLOR obtained an ownership interest in real property

16  purchased for $500,000 by "CG 40 Hilltop Trust," an entity associated with TAYLOR.

17  TAYLOR paid for a portion of the purchase price through her National Landbank account.

18  TAYLOR told the seller that the buyer was a very wealthy client and did not disclose her

19  ownership interest. On or about November 4, 2005, the property sold for $2.4 million, and

20  TAYLOR's $72,000 commission along with $1.3 million in proceeds from the sale were

21  diverted to "Burning Bush Ministries," another entity associated with TAYLOR.

## COUNT ONE
### (Attempt to Evade and Defeat Assessment of Tax)
### 26 U.S.C. § 7201

24      7.      The factual allegations in paragraphs 1-6 of the Indictment are incorporated by

25  reference and re-alleged as though fully set forth herein.

26      8.      During the calendar year 2003, in the District of Arizona and elsewhere,

27  defendant SUE J. TAYLOR, aka JANICE SUE TAYLOR, knowingly had and received taxable

28

income on which she owed income tax to the United States of America. Well-knowing and believing that she had taxable income and a tax due and owing, defendant TAYLOR willfully attempted to evade and defeat the proper assessment and determination of the tax due and owing by her to the United States of America for calendar year 2003. She did so by failing to make an income tax return on or before April 15, 2004, as required by law, to any proper officer of the IRS or other proper officer of the United States, by failing to pay to the IRS the tax due and owing, and by committing the following affirmative acts of evasion, the likely effect of which would be to mislead or conceal her true and correct income tax due from proper officers of the United States of America:

A. Throughout 2003, TAYLOR (1) deposited commission checks written to National Landbank and diverted the funds for personal use, (2) used cash transactions, cashier's checks, and nominee entities to receive income and pay for goods and services, and (3) used trusts and other business entities to conceal her ownership interest in and profits realized from sales of real property.

B. Throughout 2003, TAYLOR directed that commissions from real estate transactions be paid to National Landbank so that the earnings would be reported, if at all, through the National Landbank EIN and not associated with TAYLOR's social security number. National Landbank did not issue TAYLOR any tax forms for real estate commissions as required by law.

C. On or about July 31, 2003, in First American Title Insurance Company escrow number 206-****682, TAYLOR concealed her earned commission of approximately $2798 by directing that it be applied to reduce the closing costs to nominee and purported buyer Herbal Research Institute.

D. On or about January 3, 2005, TAYLOR wrote a letter to Bank of America threatening legal action and requesting that it not respond to an IRS summons seeking TAYLOR'S bank records for 2003.

In violation of Title 26, United States Code, Section 7201.

## COUNT TWO
### (Attempt to Evade and Defeat Assessment of Tax)
### 26 U.S.C. § 7201

9.      The factual allegations in paragraphs 1-6 of the Indictment are incorporated by reference and re-alleged as though fully set forth herein.

10.      During the calendar year 2004, in the District of Arizona and elsewhere, defendant SUE J. TAYLOR, aka JANICE SUE TAYLOR, knowingly had and received taxable income on which she owed income tax to the United States of America.  Well-knowing and believing that she had taxable income and a tax due and owing, defendant TAYLOR willfully attempted to evade and defeat the proper assessment and determination of the tax due and owing by her to the United States of America for calendar year 2004.  She did so by failing to make an income tax return on or before April 15, 2005, as required by law, to any proper officer of the IRS or other proper officer of the United States, by failing to pay to the IRS the tax due and owing, and by committing the following affirmative acts of evasion, the likely effect of which would be to mislead or conceal her true and correct income tax due from proper officers of the United States of America:

A.      Throughout 2004, TAYLOR (1) deposited commission checks written to National Landbank and diverted the funds for personal use, (2) used cash transactions, cashier's checks, and nominee entities to receive income and pay for goods and services, and (3) used trusts and other business entities to conceal her ownership interest in and profits realized from sales of real property.

B.      Throughout 2004, TAYLOR directed that commissions from real estate transactions be paid to National Landbank so that the earnings would be reported, if at all, through the National Landbank EIN and not associated with TAYLOR's social security number. National Landbank did not issue TAYLOR any tax forms for real estate commissions as required by law.

4

C.  On or about December 20, 2004, in Lawyers Title of Arizona, Inc. escrow number *****945-700 G61, TAYLOR concealed her earned commission of approximately $8277 by directing that approximately $4000 of it be disbursed to Gerald Ricke.

In violation of Title 26, United States Code, Section 7201.

**COUNT THREE**
**(Attempt to Evade and Defeat Assessment of Tax)**
**26 U.S.C. § 7201**

11.  The factual allegations in paragraphs 1-6 of the Indictment are incorporated by reference and re-alleged as though fully set forth herein.

12.  During the calendar year 2005, in the District of Arizona and elsewhere, defendant SUE J. TAYLOR, aka JANICE SUE TAYLOR, knowingly had and received taxable income on which she owed income tax to the United States of America.  Well-knowing and believing that she had taxable income and a tax due and owing, defendant TAYLOR willfully attempted to evade and defeat the proper assessment and determination of the tax due and owing by her to the United States of America for calendar year 2005. She did so by failing to make an income tax return on or before April 17, 2006, as required by law, to any proper officer of the IRS or other proper officer of the United States, by failing to pay to the IRS the tax due and owing, and by committing the following affirmative acts of evasion, the likely effect of which would be to mislead or conceal her true and correct income tax due from proper officers of the United States of America:

A.  Throughout 2005, TAYLOR (1) cashed commission checks written to National Landbank and diverted the funds for personal use, (2) used cash transactions, cashier's checks, and nominee entities to receive income and pay for goods and services, and (3) used trusts and other business entities to conceal her ownership interest in and profits realized from sales of real property.

B.    Throughout 2005, TAYLOR directed that commissions from real estate transactions be paid to National Landbank so that the earnings would be reported, if at all, through the National Landbank EIN and not associated with TAYLOR's social security number. National Landbank did not issue TAYLOR any tax forms for real estate commissions as required by law.

C.    On or about August 9, 2005, TAYLOR presented a real estate commission check drawn on the account of First National Title Agency in the amount of $17,436 to be cashed at Sunstate Bank in Casa Grande, Arizona.  Taylor provided false information when bank employees informed Taylor that the bank was required to report cash transactions exceeding $10,000.

D.    On or about November 3, 2005, in Fidelity National Title Agency of Pinal County escrow number ***424-JS, TAYLOR concealed her earned commission of approximately $72,000 by directing that it be paid by check written to Burning Bush Ministries.

In violation of Title 26, United States Code, Section 7201.

## COUNT FOUR
### (Attempt to Evade and Defeat Assessment of Tax )
### 26 U.S.C. § 7201

13.    The factual allegations in paragraphs 1-6 of the Indictment are incorporated by reference and re-alleged as though fully set forth herein.

14.    During the calendar year 2006, in the District of Arizona and elsewhere, defendant SUE J. TAYLOR, aka JANICE SUE TAYLOR, knowingly had and received taxable income on which she owed income tax to the United States of America.  Well-knowing and believing that she had taxable income and a tax due and owing, defendant TAYLOR willfully attempted to evade and defeat the proper assessment and determination of the tax due and owing by her to the United States of America for calendar year 2006.  She did so by failing to make an income tax return on or before April 16, 2007, as required by

6

law, to any proper officer of the IRS or other proper officer of the United States, by failing to pay to the IRS the tax due and owing and by committing the following affirmative acts of evasion, the likely effect of which would be to mislead or conceal her true and correct income tax due from proper officers of the United States of America:

A.    Throughout 2006, TAYLOR (1) cashed commission checks written to National Landbank and diverted the funds for personal use, (2) used cash transactions, cashier's checks, and nominee entities to receive income and pay for goods and services, and (3) used trusts and other business entities to conceal her ownership interest in and profits realized from sales of real property.

B.    Throughout 2006, TAYLOR directed that commissions from real estate transactions be paid to National Landbank so that the earnings would be reported, if at all, through the National Landbank EIN and not associated with TAYLOR's social security number. National Landbank did not issue TAYLOR any tax forms for real estate commissions as required by law.

In violation of Title 26, United States Code, Section 7201.

**COUNT FIVE**
**(Willful Failure to File)**
**26 U.S.C. § 7203**

15.    During the calendar tax year 2003, SUE J. TAYLOR, aka JANICE SUE TAYLOR, who was a resident of Gilbert or Florence, Arizona, had and received gross income in excess of $7800, and by reason of such gross income she was required by law, following the close of the calendar year 2003, and on or before April 15, 2004, to make an income tax return to the Director, Internal Revenue Service Center, at Fresno, California or to the District Director of the Internal Revenue Service for the Internal Revenue District of Arizona, at Phoenix, or to any other proper officer of the United States, specifying the items of her gross income and any deductions and credits to which she was entitled; and well

knowing and believing all of the foregoing, she did willfully fail to make such an income tax return.

In violation of Title 26, United States Code, Section 7203.

## COUNT SIX
### (Willful Failure to File)
### 26 U.S.C. § 7203

16.     During the calendar tax year 2004, SUE J. TAYLOR, aka JANICE SUE TAYLOR, who was a resident of Gilbert or Florence, Arizona, had and received gross income in excess of $7950, and by reason of such gross income she was required by law, following the close of the calendar year 2004, and on or before April 15, 2005, to make an income tax return to the  Director, Internal Revenue Service Center, at Fresno, California or to the District Director of the Internal Revenue Service for the Internal Revenue District of Arizona, at Phoenix, or to any other proper officer of the United States, specifying the items of her gross income and any deductions and credits to which she was entitled; and well knowing and believing all of the foregoing, she did willfully fail to make such  an income tax return.

In violation of Title 26, United States Code, Section 7203.

## COUNT SEVEN
### (Willful Failure to File)
### 26 U.S.C. § 7203

17.     During the calendar tax year 2005, SUE J. TAYLOR, aka JANICE SUE TAYLOR, who was a resident of Gilbert or Florence, Arizona, had and received gross income in excess of $8200, and by reason of such gross income she was required by law, following the close of the calendar year 2005, and on or before April 17, 2006, to make an income tax return to the Director, Internal Revenue Service Center, at Fresno, California, or to the District Director of the Internal Revenue Service for the Internal Revenue District of Arizona, at Phoenix, or to any other proper officer of the United States, specifying the items of her gross income and any deductions and credits to which she was entitled; and well

8

knowing and believing all of the foregoing, she did willfully fail to make such an income tax return.

In violation of Title 26, United States Code, Section 7203.

## COUNT EIGHT
### (Willful Failure to File)
### 26 U.S.C. § 7203

18.     During the calendar tax year 2006, SUE J. TAYLOR, aka JANICE SUE TAYLOR, who was a resident of Gilbert or Florence, Arizona, had and received gross income in excess of $8450, and by reason of such gross income she was required by law, following the close of the calendar year 2006, and on or before April 16, 2007, to make an income tax return to the Director, Internal Revenue Service Center, at Fresno, California, or to the District Director of the Internal Revenue Service for the Internal Revenue District of Arizona, at Phoenix, or to any other proper officer of the United States, specifying the items of her gross income and any deductions and credits to which she was entitled; and well knowing and believing all of the foregoing, she did willfully fail to make such an income tax return.

In violation of Title 26, United States Code, Section 7203.

A TRUE BILL

S/

FOREPERSON OF THE GRAND JURY
Date: March 30, 2010

DENNIS K. BURKE
United States Attorney
District of Arizona

S/

FRANK T. GALATI
JAMES R. KNAPP
Assistant U.S. Attorneys

9