**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America | No. CR 10-400-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Janice Sue Taylor, | |
| Defendant. | |

Currently pending before the Court are witness Ronald J. McBride's Motion to Quash Subpoena Duces Tecum (Doc. 14), witness Desiree E. Saunders' Motion to Quash Subpoena Duces Tecum (Doc. 15), the Government's Response to the Motion to Quash Subpoena and the Government's Request For a Pretrial Compliance Deadline (Doc. 35), Ms. Saunders' Motion for Transcripts (Doc. 36), Mr. McBride's Motion for Transcripts (Doc. 38), and Ms. Saunders' Second Motion for Transcripts (Doc. 40). Having considered these motions and the responses thereto, the Court issues the following Order.

Mr. McBride and Ms. Saunders, who are witnesses in this criminal case, have refused to comply with the trial subpoenas issued by the United States and request this Court to Quash the subpoenas. In their pleadings, Mr. McBride and Ms. Saunders challenge the United States' standing, the Court's jurisdiction, the existence of a corpus delicti, the District of Arizona as the proper venue, the seal on the subpoena, and the production of the records without an offer of immunity. As set forth in the Government's Response (Doc. 35), which

1  the Court will incorporate by reference, none of these objections has merit. Mr. McBride and
2  Ms. Saunders articulate no legal basis for quashing the trial subpoenas. Accordingly, it is
3  hereby ordered denying witness McBride's and witness Saunders' Motions to Quash. (Docs.
4  14, 15).

5  Also, it appears from the record here, including the pleadings filed in this case and the
6  record before Judge Martone, that the witnesses' past and present conduct warrants a pretrial
7  compliance deadline. A pretrial compliance deadline is reasonable and appropriate pursuant
8  to the Federal Rule of Criminal Procedure 17 (c)(1). See <u>United States v. Nixon</u>, 418 U.S.
9  683, 699 (1974). Accordingly, it is further ordered granting the Government's Request for
10 Pretrial Compliance Deadline and setting a pretrial compliance deadline of August 10, 2010.
11 (Doc 35).

12 Both Mr. McBride and Ms. Saunders also filed motions requesting transcripts for
13 hearings held on March 30, April 6, and April 22, 2010 before Judge Frederick J. Martone.
14 (Docs. 36, 38). Ms. Saunders also filed a Second Motion for Transcripts (for the same dates),
15 in which she stated that the Court Reporter would not release the transcripts without a Court
16 Order and that she was willing to pay for the transcripts. (Doc. 40). The Court already
17 addressed this issue on June 30, 2010, when it ordered that the transcripts in question could
18 be disclosed to Mr. McBride, Ms. Saunders, and their representatives. (Doc. 32). Thus,
19 provided that they arrange to pay for the transcripts with the Court Reporter, Mr. McBride
20 and Ms. Saunders may access the transcripts before Judge Martone dated March 30, April
21 6, and April 22, 2010 pursuant to the Court's Order at Docket No. 32.

22 **Accordingly,**

23 **IT IS HEREBY ORDERED** denying witness McBride's and witness Saunders'
24 Motions to Quash. (Docs. 14, 15). Therefore, Mr. McBride and Ms. Saunders are ordered
25 to produce the requested records to the government no later than August 10, 2010.

26 **IT IS FURTHER ORDERED** granting the Government's Request for Pretrial
27 Compliance Deadline and setting a pretrial compliance deadline of August 10, 2010. (Doc
28 35).

1    **IT IS FURTHER ORDERED** denying as moot the most recent requests of Mr. McBride and Ms. Saunders for transcripts. (Docs. 36, 38, 40).

**IT IS FURTHER ORDERED** directing the Clerk of Court to send a copy of this Order to Ronald J. McBride at P.O. Box 982, Florence, AZ 85132 and to Desiree Saunders, 3341 Arianna Court, Gilbert, AZ 85298.

DATED this 28th day of July, 2010.

_____
Mary H. Murguia
United States District Judge