**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

———————————

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. **CR 10-400 PHX-MHM** |
| | ) | |
| **JANICE SUE TAYLOR,** | ) | Phoenix, Arizona |
| | ) | January 12, 2011 |
| | ) | 11:08 a.m. |
| Defendant. | ) | |
| | ) | |

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**(Status Hearing)**

**BEFORE THE HONORABLE MARY H. MURGUIA**

Court Reporter:        Merilyn A. Sanchez, CRR
                       Sandra Day O'Connor U.S. Courthouse
                       401 W. Washington Street SPC-37
                       Phoenix, Arizona  85003-2118
                       (602) 322-7250

Proceedings taken by stenographic court reporter
Transcript prepared by computer-aided transcription

<u>A P P E A R A N C E S</u>

For the Plaintiff:          **Frank T. Galati,** Esq.
                            **James R. Knapp,** Esq.
                            Assistant U.S. Attorneys
                            Two Renaissance Square
                            40 N. Central Avenue, Suite 1200
                            Phoenix, Arizona  85004-4408

For the Defendant:          Janice S. Taylor
                            Pro Se
                            3441 Arianna Court
                            Gilbert, AZ  85298

                            **Susan E. Anderson,** Esq.
                            Assistant Federal Public Defender
                            850 W. Adams Street, Suite 201
                            Phoenix, Arizona  85007

1                      P R O C E E D I N G S

2

3          THE COURTROOM DEPUTY:  Criminal case 10-400, United

4    States of America versus Janice Sue Taylor, on for status

5    hearing.

6          MR. GALATI:  Your Honor, Frank Galati and James Knapp

7    appearing for the United States.

8          THE DEFENDANT:  Janice Sue Taylor.

9          MS. ANDERSON:  Susan Anderson as standby counsel.

10         THE COURT:  We are here today pursuant to the order

11   issued on -- the minute order issued on 12-20, 2010.  I set

12   this matter at that time for a status hearing as to Janice Sue

13   Taylor.  That was to be held on Thursday, January 6th at 10:30,

14   at which time the Court will address all the pending motions.

15   And then there was a motion to continue the motion hearing and

16   there were other motions.  I continued that hearing to today

17   and indicated on the 12-29, 2010 that the parties shall be

18   prepared to discuss all of the pending motions.

19         Now, I know that subsequent to that or continuous from

20   that, there have been additional motions and filings by the

21   defendant.  But I would like to take up the pending motions,

22   certainly, and then we can discuss how we should proceed with

23   anything that's been filed subsequent -- really subsequent to

24   the date of the motions deadline.  The motions deadline was

25   October the 22nd.

```
1              I know that since then there's been a motion for

2    enlargement of time or something -- motion to extend time to

3    file pretrial motions that was filed -- it may have been filed

4    before the deadline of October the 22nd.  I know there was

5    another one, a motion for enlargement of time on all

6    proceedings and motion for oral hearing on motions.  That was

7    filed as document 172.  That motion is not fully briefed.

8              So I want to address the motions that we can and

9    should address today.  I think we probably can address all of

10   the motions.  And I'll give you a brief opportunity to speak

11   with respect to the motions.  And then I'm going to rule on the

12   pending motions, those that I can.  And I think it's

13   appropriate or the Court can do so at this time -- if the Court

14   can do so at this time.

15             So, Ms. Taylor, why don't we begin with you, since you

16   filed a number of these motions.  If you want to make any

17   statements or arguments, you need to come up to the podium.

18             THE DEFENDANT:  Do you want me to come up here?

19             THE COURT:  Yes.

20             THE DEFENDANT:  First of all, I would say good morning

21   and congratulations on your appointment to the Ninth Circuit

22   Court of Appeals.  I hear that that should have been accepted;

23   is that correct?

24             THE COURT:  That's correct, thank you.

25             THE DEFENDANT:  I would like to know if that will have
```

1    any impact on today's proceedings, and if so, should you not

2    recuse yourself?

3            THE COURT:  It doesn't have any impact on today's

4    proceedings in this case or any of the other cases, because

5    I've been -- remain designated as a District Court Judge to

6    preside over any and all matters that come before me and

7    certainly the matters that I had pending beforehand.  So I can

8    address them since I'm most familiar with them.  So I can

9    proceed.

10           THE DEFENDANT:  Then I would like to make an oral

11   motion to dismiss this case with prejudice based upon the

12   alleged judicial misconduct by you that was presented to the

13   Office of the Circuit Executive, United States Court of Appeals

14   for the Ninth Circuit on September 30th, 2010.  I realize that

15   you may not be aware of this misconduct filing as it was

16   alleged administratively deficient and is currently being

17   corrected.

18           And that's the reason for mentioning it now so that

19   you won't be blind sided.

20           THE COURT:  I don't know which particular motion

21   you're talking about.  And I take it that wasn't one of the

22   written motions that you submitted, Ms. Taylor?

23           THE DEFENDANT:  No, it was a complaint that was filed

24   with the Ninth Circuit judiciary.

25           THE COURT:  A number of complaints are filed against a

1  number of judges at any given time.  A lot of people are

2  unhappy with some of the rulings that judges issue.  It's not a

3  basis for recusal.  So that's a -- that request is denied.

4          THE DEFENDANT:  I just didn't want you to be blind

5  sided.

6          THE COURT:  Thank you.  I appreciate it.

7          THE DEFENDANT:  If that be the case, I have quite a

8  few motions, as you know, in front of the Court.  There is one

9  in particular that I want to address, and I think it makes all

10 of the other ones moot.

11         That is document number 77 -- 177, excuse me, which is

12 the motion to dismiss the Indictment for an improper array of

13 the grand jurors.  Given the response and reply time to this

14 motion, I move this Court orally to move this hearing to

15 January 25th, 2011, or have the Court dismiss this instant

16 matter with prejudice.

17         THE COURT:  Well, let me call upon the Assistant

18 United States Attorney for the response, because I know this

19 particular motion that is at document 177 did not -- there's

20 been no response.  I don't know how recently it was filed.  I

21 don't know the exact date in front of me.

22         MR. KNAPP:  Your Honor, the filing date was December

23 28th, 2010.  And I believe -- yes.  We filed a response of

24 sorts on -- it's document 180 on January 5th where we noted a

25 number of untimely motions and instead said we would respond if

1    the Court wishes.

2         I can speak orally a little bit to document 177 if you

3    would like.

4         THE COURT:  That's fine.

5         MR. GALATI:  The request was for, as I took it, to

6    inspect the jury lists.  And there is a right under the Jury

7    Service Selection Act to inspect jury lists to make sure that

8    jurors for both the grand jury and a petit jury are selected in

9    a nondiscriminatory fashion.  That right does not extend to

10   details about the actual jurors that consider the case and it

11   also doesn't extend necessarily to personal information about

12   the people on the jury lists.

13        So I'm happy to respond to that in writing with more

14   detail.  But I don't see how there's any basis for -- to do

15   anything in this case other than perhaps letting Ms. Taylor or

16   her attorney, her advisory counsel, review the actual jury list

17   that the Court uses to select random jurors.

18        THE COURT:  Well, the basis for seeking information

19   about the grand jurors who brought this Indictment, what is the

20   basis that you're -- that you're asserting?

21        THE DEFENDANT:  I am asserting that they have to be in

22   a federal territory for one year, which is the judicial

23   district according to Test, I have this Test versus U.S.A.  I

24   have the right to challenge under the Sixth Amendment any of

25   the grand jurors and make sure that they are within their

```
 1   qualified areas to be on the grand jury.

 2          THE COURT:  And when you say "within their qualified

 3   areas," I just want to know what the crux of your motion is.

 4   You challenge that they are not residents of the United States?

 5          THE DEFENDANT:  I don't know.

 6          THE COURT:  No, but I want to know, is that what

 7   you're challenging to make sure that they meet the

 8   qualifications?

 9          THE DEFENDANT:  Yes, I'm challenging to make sure that

10   they meet the qualifications under the Sixth Amendment.

11          THE COURT:  All right.  I guess, Mr. Knapp, I'll go

12   ahead and have you respond.  I know that the jury administrator

13   here has a very detailed process of making sure all of the

14   jurors, both grand jurors and the jury -- potential trial

15   jurors meet the requirements, the basic requirements.  And

16   maybe you can outline those in your response to this particular

17   motion.

18          MR. KNAPP:  Certainly, Your Honor.

19          THE COURT:  All right.  What else, what other motion

20   did you want to --

21          THE DEFENDANT:  Basically right at this time, that is

22   the main motion.  And I think all of the other ones are moot

23   until this one is answered.

24          THE COURT:  Well, when you say are moot, does that

25   mean you withdraw them or --
```

1          THE DEFENDANT:  No, it's not that I withdraw them.

2          THE COURT:  All right, then you need to argue them

3    today, so go ahead and make your arguments.

4          THE DEFENDANT:  Well, I'm not prepared to argue any

5    other ones until this one is adjudicated, because if these

6    grand jurors are not sitting on the jury as they are

7    supposed -- as they are qualified to sit, then there is nothing

8    more to talk about.

9          THE COURT:  Well, that may be.  But I've been

10   presiding over a number of cases.  I'm very familiar with the

11   jury administrative process.  I'm confident that the jurors are

12   selected in a proper way and in accordance with the law and are

13   qualified.

14         So I don't want to waste the time that will need to

15   be -- for Mr. Knapp to respond to those to assure you and

16   everyone that the jury administrator has followed the proper

17   proceedings.

18         So you don't get to decide which ones we are going to

19   not consider until you are satisfied.  I'll go ahead and

20   consider this motion.  I'll have the Government respond.

21         In the meantime, you were given notice on two

22   occasions that we were going to be discussing the motions here

23   today and so that you should be prepared to do so.

24         So what other motions did you want to argue of those

25   that you have filed?

1          THE DEFENDANT:  I didn't bring any of the other

2     motions with me because I believe that this one is the -- this

3     is the outstanding one.

4          THE COURT:  Well, and we will deal with that.

5          THE DEFENDANT:  Until this is answered and answered

6     correctly, the other ones would be moot to even start and take

7     the Court's time.

8          THE COURT:  Well, that's -- that's incorrect.  They

9     may be moot, but I think mostly they are without merit.  And

10    I'm going to rule on them today.  You were given an

11    opportunity, sufficient to know that we were going to do that.

12    If you choose not to argue them today, that's your choice.  But

13    you don't get to decide what the Court is going to rule on and

14    when.  I do.

15         And so I appreciate that you think there's a lot of

16    importance on this most recent motion that you've highlighted.

17    We will -- we will discuss it.  I'll rule on it after Mr. --

18    the United States gets a chance to respond to it so that

19    there's a record here that you can see that the jurors are

20    selected in a manner that's consistent with the law.  But these

21    other motions are going to be decided today.

22         So which of these other motions do you want to argue,

23    if any?

24         THE DEFENDANT:  Like I said, I did not bring any of my

25    other paperwork to argue any of the other ones except this one.

```
1    It is the most important one.  And I believe it's the

2    outstanding one.

3            If you could set aside another time for us to come in

4    and go over this, the prosecutor has to answer, I have to

5    respond.  If you could perhaps make another time.

6            THE COURT:  I can't because the trial date in this

7    case is January the 25th.  And so we are proceeding along.

8            THE DEFENDANT:  I've also asked for an extension on

9    that because --

10            THE COURT:  You did and I wanted to find out what your

11    reasons were for that extension.  Because -- one of them, I

12    think, was referenced that you are still looking for a lawyer.

13            THE DEFENDANT:  I'm still looking for representation.

14    I have not found any.

15            THE COURT:  And you've been looking for a lawyer since

16    September.  This is now January.

17            THE DEFENDANT:  I have found attorneys in other

18    states.

19            THE COURT:  Right.

20            THE DEFENDANT:  Not here.

21            THE COURT:  Well --

22            THE DEFENDANT:  Would the Court appoint another one

23    from another state?

24            THE COURT:  Well, no, I won't appoint a lawyer from

25    another state.  You said you had the ability to hire a lawyer.
```

1           THE DEFENDANT:  No, I didn't say I had the ability to

2    hire one.

3           THE COURT:  Well, I'm pretty sure that's what you

4    said, you were going to find a lawyer to represent you.

5           THE DEFENDANT:  I was going to try.

6           THE COURT:  Well, I understand.  So I've given you an

7    opportunity to do that.  And I think I've been very patient.  I

8    gave you additional time.  You've had since September to find a

9    lawyer to come and represent you.  So far there's been no

10   notice of any lawyer that has been filed.  You've known when

11   the trial date is, and we are moving forward.

12          We don't run this on your schedule, Ms. Taylor.  There

13   is a schedule here.  You've been -- you've had ample notice.

14   It looks like you've been filing a variety of documents on your

15   own here and motions related to your case.  But the time now is

16   over in terms of that -- that the Court will allow for you to

17   get counsel.  The deadline has passed on that.  So I appreciate

18   your efforts.  It looks like you haven't found anybody.  And so

19   we are going forward.

20          Mr. Knapp, you're standing, is there something you

21   wanted to say?

22          MR. KNAPP:  It's a minor point, Your Honor, but I just

23   wanted to mention that the entry docket number 173 that set

24   this case initially for a status hearing on the pending motions

25   was actually before Ms. Taylor filed the motion to inspect the

1    jury list.  So I just wanted to point that out on the analysis

2    of whether, you know -- along the lines of Ms. Taylor, I think,

3    knew that we were going to discuss pending motions here today.

4    And these were pending motions that had been filed prior to the

5    Court setting the hearing.  This jury list motion was filed

6    after the Court set the hearing.

7              THE COURT:  I understand that.

8              MR. KNAPP:  Sorry.

9              THE COURT:  Okay.

10             THE DEFENDANT:  Well, my other motion would be to

11   extend the trial date.  I believe the defense attorney (sic)

12   does not have any objection to that.

13             THE COURT:  You mean -- defense attorney, you mean the

14   United States Attorney?

15             THE DEFENDANT:  Right.

16             THE COURT:  Let me hear you out on that.  Can you tell

17   me?  You don't have an objection to the continuance?

18             MR. GALATI:  Your Honor, Ms. Taylor asked for 90 days.

19   We told Ms. Anderson and I think Ms. Taylor that we don't

20   object to 60 days.  Mr. Knapp and I are -- our schedule doesn't

21   allow for 90 days from now, but 60 days we have no objection.

22             It seems pretty evident that, you know, Ms. Taylor is

23   not prepared to defend herself other than argue legally.  And

24   we don't have objection to up to a 60-day continuance.

25             THE COURT:  60 days from January the 25th?

1    MR. GALATI:  Yes, Your Honor.  And we do object to

2  extending the motions deadline, Your Honor.  It seems to us

3  that the longer we delay, we extend the motions deadline, the

4  more frivolous motions get filed and that's not productive for

5  anyone.  And that's our position.

6    THE COURT:  And let me just say:  Are you prepared to

7  go to trial on the 25th or around the 25th?

8    MR. GALATI:  We can be, yes.

9    THE COURT:  Okay.

10    MR. GALATI:  Although I personally have two trials set

11  in Judge Bolton's court on February 1, which I think I'll find

12  out next week if they are going or not.  I believe that

13  in-custody defendant on a 2006 case wants her trial on February

14  1.  And that's my situation.

15    THE COURT:  And I guess, what's your basis for your

16  statement that Ms. Taylor is not prepared to go to trial or

17  doesn't seem to be able to go to trial?

18    MR. GALATI:  Well, for example, just today she asked

19  us if she can interview Cheryl Bradley, who is the revenue

20  agent.  I'm not aware of any, any investigation that's been

21  done or interviews that have been done.  We've been served with

22  no discovery.

23    My -- just from observation, Your Honor, it appears to

24  me that all that's been done is file legal motions.  And

25  there's been nothing else.  Ms. Anderson knows better than I, I

1    am sure, but that's certainly our observation.

2              THE COURT:  Okay.

3              Anything else, Ms. Taylor?

4              THE DEFENDANT:  Well, with that anticipation, I would

5    like to extend that.  Also I had asked for a extension of the

6    motion deadline, which I -- you had given me on October 4th to

7    turn in anything by October 22nd, which was only like 18 days.

8    And me without counsel, trying to do the best to find what I

9    could put in --

10             THE COURT:  Well, just a second, Ms. Taylor.  Just a

11   second.  I'm sorry to interrupt you, but you without counsel.

12             You have decided that you want to represent yourself.

13   Now, you can't use that as a sword and a shield here throughout

14   these proceedings.  You made a conscious decision that you did

15   not want anybody else to represent you.  You have competent

16   counsel in your side counsel.  You've made a decision, which we

17   had a lengthy colloquy about that.  You are exercising your

18   right to represent yourself.  You've said that you were going

19   to try to get counsel.  But in the meantime, you made it very

20   clear that you're representing yourself.

21             And so we are going forward under that premise,

22   Ms. Taylor.  So you're not standing up there in the capacity

23   other than representing yourself here today and have been since

24   the date that I allowed that to happen.

25             So you knew the risk.  You said you understood that.

1    You were willing to go forward, despite all of the warnings

2    that I gave you that you are at a significant disadvantage not

3    to have a lawyer to represent you.  You decided to go ahead and

4    go forward.  I went over at length and told you it would be to

5    your detriment, that there's -- that it was an unwise decision.

6    I can't remember at all the different ways that I told you that

7    that was not the best way to proceed and that you should really

8    get counsel.

9            And so despite that, you decided you wanted to

10   represent yourself and then you would maybe try to find who you

11   considered counsel that you thought was uniquely qualified to

12   represent you.

13           So you've been representing yourself.  You were told

14   and warned that I would have to proceed just like if you were.

15           THE DEFENDANT:  I understand that.  But I have been

16   trying to find counsel, competent counsel, that is

17   knowledgeable in tax law, and that is very hard to do,

18   particularly in this state.  And my Sixth Amendment does give

19   me a right to have competent counsel and I'm still searching.

20           THE COURT:  Well, you had competent counsel.  And

21   there's a number of other competent counsel.

22           THE DEFENDANT:  Not advised in tax law.

23           THE COURT:  Well, you could get assistance from --

24           THE DEFENDANT:  No, my --

25           THE COURT:  -- consulting with tax lawyers and

1    accountants.  That was explained to you at the time.

2         THE DEFENDANT:  Yes, but at the time my attorney told

3    me that she had never done any tax cases.  And only one person

4    in her firm had ever done one.  And she was -- both of them

5    indicated to me that I would not win.  I mean, you know, even

6    the prosecutors told me that I am not going to win.  So what am

7    I supposed to think?

8         THE COURT:  Well, I think I would look at seriously

9    what --

10        THE DEFENDANT:  I want a tax attorney that can -- that

11   can represent me that knows about tax laws, especially

12   Section 83.

13        THE COURT:  And you've had a lot of opportunity to

14   find somebody, and you haven't.  So we are going forward,

15   Ms. Taylor.

16        Is there anything else?

17        THE DEFENDANT:  Okay, I would like to have the

18   extension.

19        THE COURT:  Okay.  I'm going to discuss the schedule

20   here in just a moment.  It's not going to be 90 days.  I, right

21   now, I will allow or require the Government to file responses

22   to the current motions that have been filed.  There are no more

23   motions that will be considered.  The pretrial motions deadline

24   has passed.  These motions are without merit.  They are

25   frivolous in nature.  And I'll go over each and every one of

1  them before we conclude today.  But no more pretrial motions.

2  The deadline has passed.  And so --

3          THE DEFENDANT:  After today you mean no more?

4          THE COURT:  That's correct.  No more.  The Government

5  will respond to those and we will hear the ones that have not

6  been responded to at a later date that I'll set.  And then I'll

7  set a trial date today.  And then we are going to go to trial

8  on that date.  And it will either be me or another judge.  But

9  that will be the date for the trial.

10          So did you have anything else, Ms. Taylor?

11          THE DEFENDANT:  So you're going to rule on all of the

12  motions --

13          THE COURT:  I am.

14          THE DEFENDANT:  -- today?

15          Okay, do you want to start with this one, that we are

16  apparently on?

17          THE COURT:  Are you done?

18          MS. ANDERSON:  Your Honor, may I have one moment with

19  Ms. Taylor?

20          THE COURT:  Okay.

21          (A discussion was held between the defendant and

22  advisory counsel.)

23          MS. ANDERSON:  Your Honor, I just advised

24  Ms. Taylor --

25          THE COURT:  I don't think -- that microphone is not

1    working, so if you don't mind.

2              MS. ANDERSON:  I just advised Ms. Taylor that I do

3    have a copy of all of the motions so if she desired to look at

4    them or comment on them or look at any of the documents as the

5    Court addresses them, I am here to provide her copies.

6              THE COURT:  Thank you.  And I guess I misunderstood

7    you, Ms. Taylor, because I thought you said you weren't going

8    to say anything else.  But if you were going to say anything

9    else on any of your motions, you need to do so at this time.

10   So is there anything else?

11             THE DEFENDANT:  Yes, I suppose I might say something

12   on them as we go through them.

13             THE COURT:  Well, you go through whatever motion and

14   let's go through them.  Whichever one you want to highlight any

15   particular argument, let's do it.

16             THE DEFENDANT:  Well, document number 108, I believe

17   was the first one.  And I had asked for request of discovery,

18   simply because I was given a lot of discovery but then I was

19   told to come down to the prosecutor's office and look at

20   anything else that they might have down there.

21             When I got down there, there was a table that was as

22   long as this one here with all kinds of boxes that they told me

23   that they may or may not use.

24             And so I requested -- and they said that I could bring

25   a copy machine up there and copy them if I wanted.  But it

1    would have taken me all day long to go through them, and I

2    can't remember by just looking at them which ones.  And I

3    didn't want to tag every single one of them, which they

4    indicated that I could not tag every single one of them.

5          And so I asked at that time for them to give me

6    discovery of all of those boxes.  And so that's what this --

7    this request was.

8          THE COURT:  All right.  I think that's the wrong

9    document number.

10          THE DEFENDANT:  Mine says 108.

11          THE COURT:  I think it's 112, what I'm looking at

12    or --

13          MR. GALATI:  158, Your Honor.

14          THE COURT:  158, I'm sorry.

15          MR. GALATI:  I believe, Your Honor, 108 was struck, I

16    believe, and sort of refiled in the form of 158, I believe.

17          THE COURT:  Okay.

18          THE DEFENDANT:  It was struck previously when she was

19    my attorney.  But after she was my attorney, I re-entered it.

20          THE COURT:  And now it's document 158.

21          THE DEFENDANT:  No, it's 108.

22          MS. ANDERSON:  I have to agree, it has not been

23    struck.  But I think they are related.  It's a reiteration.

24    It's the same substantive point that she makes.

25          THE DEFENDANT:  Well, 158 was a motion to compel

1    discovery.  This one was a request for discovery.

2            THE COURT:  Okay.

3            THE DEFENDANT:  This was the first one.  Actually, it

4    was the second one.

5            THE COURT:  Thank you.  Who wants to argue this,

6    Mr. Knapp?

7            MR. KNAPP:  Your Honor, we responded.  Let me grab my

8    response.

9            We responded with document number 169, Your Honor.

10   That's basically saying that we've gone well beyond our

11   discovery obligations here.  We've provided defendant

12   everything that we've identified that we think we are going to

13   need at trial.  That's still coming in because we are getting

14   certified copies of things.

15           THE COURT:  When you say "you provided," what does

16   that mean?  Provided an opportunity to look at or actually

17   provided?

18           MR. KNAPP:  Numbered and provided -- handed over

19   copies.

20           THE COURT:  Okay.

21           MR. KNAPP:  And that includes stuff like from the very

22   beginning, the summary investigation reports, draft witness

23   lists, witness interview reports, as well as, you know, plenty

24   of other records to let Ms. Taylor know what this case is all

25   about.

1              As we've identified things that we want to mark as

2     exhibits, we have numbered them and turned them over with the

3     exhibit number on the file.  So she knows -- she should have a

4     pretty good idea what we are going to use at trial.

5              We also invited her to come in if she wanted to and

6     inspect things.  Again, this is beyond our discovery

7     obligations.  But just to make sure, if there were things she

8     wanted to look at, we invited her to come in and take a look at

9     other stuff that was in our possession.

10             She did that.  She asked for copies of a lot.  She

11    asked for copies of over 1300 pages of material.  So as a

12    courtesy, we initially said that, you know, the -- under the

13    rules we are not obligated to make her copies of them.  But as

14    a courtesy, we numbered and turned that over as well.  So we

15    handed that over.

16             If she has something in particular that she's asking

17    for, we are more than happy to oblige her by giving it to her.

18    We can number it and turn it over to make sure the record is

19    clear as to what we provided.  But she seems to be making just

20    a blanket demand that we make copies of everything in our

21    possession and turn it over, and the rules simply do not allow

22    that.

23             THE COURT:  Thank you.

24             MR. KNAPP:  Thank you, Your Honor.

25             THE COURT:  It looks like the Government has gone

1    beyond its obligation at this point, Ms. Taylor, so your

2    request, I think it's docket 108 is notice of discovery or

3    notice, it's not a motion.  Number 158 is the pending motion,

4    titled Motion to Compel Prosecutor to Deliver Evidence of

5    Discovery.  Based on the Government's response, that's denied.

6            Go on to your next motion.

7            Your next motion, Ms. Taylor?

8            THE DEFENDANT:  I'm getting it right now.  Let's see,

9    that was motion 111, unlawful for -- Motion to Dismiss For

10   Unlawful Use of Misnomer.  And I was requesting that United

11   States of America and the United States to be -- let's see.

12   Just hold on.

13           Well, I was requesting, I notice that in all of your

14   books and titles, that it says the United States has the

15   authority to punish and make crimes on people.  And nowhere did

16   I find the United States of America.  So that's what I was

17   asking, who is the real party in interest in here?  Is it the

18   United States or is it the United States of America?

19           THE COURT:  All right.  Mr. Knapp or --

20           MR. GALATI:  We have no argument, Your Honor.  We

21   stand on our response.

22           THE COURT:  All right.  The Indictment alleges

23   violations of Title 26 of the United States Code, Section 7201

24   and 7203.  And the U.S. Attorney's office does have the duty

25   under Title 28 of the United States Code, Section 547(1) to

```
 1    prosecute offenses against the United States.  So this is an

 2    offense against the United States.  Whether it's the

 3    United States or the United States of America, and so the

 4    Government does have standing to indict and to prosecute any

 5    individual, including yourself, Ms. Taylor, who the Government

 6    alleges is in violation of these laws, and the District Court

 7    has jurisdiction over prosecution of all crimes against the

 8    United States, including Title 26 violations.  And the

 9    Government cites case law in support of this, so your motion is

10    denied.

11              THE DEFENDANT:  May I say one thing about that,

12    please?

13              THE COURT:  For the record, sure.

14              THE DEFENDANT:  In Rule 17, Civil Rules of Procedure,

15    which apply also to criminal, it says the real party in

16    interest, and it lists different people here as a designation

17    in general.  An action must be prosecuted in the name of the

18    real party in interest.  The following may sue in their own

19    names without joining the person for those benefit the action

20    is brought.  Number A is an executor, B is administrator, C is

21    a guardian, D is a bailee, E is a trustee of an express trust,

22    F is a party with whom and in whose name a contract has been

23    made for another's benefit, and G is a party authorized by

24    statute.

25              Two says action in the name of the United States for
```

1    another's use of benefit when a federal statute so provides an

2    action for another's use or benefit must be brought in the name

3    of the United States.

4          So that was why I was wondering, because it says it

5    must specifically be brought in the name of the United States,

6    not the United States of America.

7          THE COURT:  Okay.  That rule does not apply in this

8    particular context.  So your motion is denied.

9          Move on to your next motion, Ms. Taylor.

10         THE DEFENDANT:  All right.  This is document number

11   112, with a response of 129 from the Government.  This was

12   filed in two-oh-five, I believe.  Let's see.  I filed a --

13   yeah.  This was filed for the year 1997 through two-oh-five.

14   And it is a statement in lieu of return for tax years 1997

15   through two-oh-five, and it gives my reasoning in here of why I

16   filed and why I filed this document and it gives statutes.  And

17   states different forms that you're supposed to use and you're

18   not supposed to use.

19         And so I presented this because it was a firm offer to

20   pay or to settle.  And nobody has ever rebutted it.  I did not

21   get a rebut from -- it told me to send it to the District

22   Attorney -- I mean the district -- Internal Revenue district.

23   And so I sent it to them.  I got no response from them.  I've

24   turned it in here.  No response from anybody since two-oh-five.

25         So my -- I wanted a judicial -- a judicial hearing on

1    this to find out what the status of the Court says on this,

2    because I did file.  This is showing that I did file and for

3    those years to the best of my knowledge.  And so this was a

4    motion to dismiss based on that.

5              THE COURT:  All right.  Mr. --

6              MR. GALATI:  We have no argument, Your Honor.  We

7    stand on our written response.

8              THE COURT:  Ms. Taylor, you state in your motion that

9    you filed your returns to the best of your ability.  I believe

10   you attached a letter you sent to IRS in April of 2005 in which

11   you set forth your explanation why you don't think you need to

12   pay taxes.  It appears that you are asserting that the IRS

13   didn't rebut or respond to your claims.  And they had an

14   opportunity to do so.  And so you claim this action is

15   fraudulent.

16             You appear to also assert that the United States lacks

17   capacity to sue at this time because it didn't initiate action

18   under the Sherman Act.  I think you referenced the Sherman Act.

19   And you said the Government's standing is not dependent -- or

20   the Government's standing, though I need to inform you, is not

21   dependent on the Sherman Act.

22             I do want to note that your arguments that you make

23   here may be -- you may make those before the jury.  They seem

24   to be -- to present what is called a Cheek defense that you did

25   the best that you could with the knowledge that you had.  But

1    your arguments that a good faith defense merits dismissal of

2    the Indictment is based on a misapplication of the law and is

3    not -- is not justified.

4           And so you do have the ability during trial to argue

5    or present evidence that you didn't understand the law or

6    didn't think it was illegal what you did.  And you can

7    certainly present that to the jury.  But it's not grounds for

8    dismissing this case.  So your motion is -- to dismiss is

9    denied.

10          Move on to your next motion.

11          THE DEFENDANT:  This is document number 113.  And I

12   will just stand on the fair trial, what's -- what I have

13   presented in here.

14          THE COURT:  All right.  Does the Government have

15   anything?

16          MR. GALATI:  We stand on our response, Your Honor.

17          THE COURT:  All right.  It appears in this motion that

18   you're, Ms. Taylor, asking for a trial that upholds the

19   Constitution including the separation of the three branches.

20   You point out in your motion your assertion -- or you point out

21   that the IRS and the DOJ are both administrative branch, and

22   you move the Court to grant the order to provide you a fair

23   trial, that the Court take judicial notice of the certified

24   copy of the firm offer to settle, that the Court provide

25   documentations sworn true, correct, and complete of the

1    constitutionality of all the issues, and that you make a

2    reference to findings of fact and conclusions of law.

3            In the alternative, it looks like you are demanding

4    that the Court dismiss this case with prejudice.  The

5    Government has responded that many of the items that you are

6    asking for, requests that you have made, the Court -- that the

7    Court and the officers uphold their oaths and provide you with

8    the fair trial are things the Court will provide -- in any

9    instance the Court would provide that.

10           And the Government highlights, though, that you cite

11   no authority requiring the Court to submit oaths into the

12   record to establish the constitutionality of this case.

13           The Government also asserts that you are asking for

14   the Court to take judicial notice of your firm offer to settle

15   and that this is related -- that this firm offer to settle was

16   a document created by you so that it is not a document the

17   Court can take notice of under Rule 902.  And that's argument

18   and that point is well taken.

19           The Government also notes that neither the contents of

20   the firm offer to settle or the filings of the Court are facts

21   which are generally known within the territorial jurisdiction

22   of the trial court or capable of accurately and ready

23   determination.  And so it's inappropriate for the Court to take

24   judicial notice of what you are asking for if that's indeed

25   what you're asking for.

1          So you will get a fair trial.  And there's no

2   authority that you have cited that would in any way require the

3   Court to produce or have the Government produce these items

4   that you are specifically requesting regarding the oath.  And

5   these rules of evidence that you cite or refer to do not apply.

6          So your motion is granted in part and denied in part.

7   You will get a fair trial.  Your specific requests here that

8   you asked for are denied.

9          Move on to your next motion.

10          THE DEFENDANT:  Your Honor, will you on these motions

11   that you are denying, will you give me conclusions of fact

12   and --

13          THE COURT:  You'll get a text order or a minute entry

14   of today's orders.

15          THE DEFENDANT:  Will there be conclusions of facts and

16   evidence on each one?

17          THE COURT:  No, I'm making them.  You are hearing them

18   right now.  So you can order a transcript.

19          THE DEFENDANT:  But these aren't conclusions of facts,

20   what you're saying.

21          THE COURT:  I'm ruling on your motions.  So I don't

22   know what you're talking about when you say conclusions of

23   facts.

24          THE DEFENDANT:  Well, when you rule on them, aren't

25   you supposed to have a conclusion of facts --

1          THE COURT:  No.  No.

2          THE DEFENDANT:  -- that shows that you can rule the

3    way that you are ruling by law?

4          THE COURT:  I think you're confusing the civil

5    process.  You've been citing some civil rules.  You may be

6    confusing the civil process with a -- when a trial in a civil

7    case is presented to the Court, at the conclusion, when it's to

8    the Court and to the Court only, just to the Judge, the Court

9    will issue findings of facts and conclusions of law.  This is a

10   criminal case.

11         THE DEFENDANT:  I understand.

12         THE COURT:  Let me finish.  This is a criminal case,

13   and so you've requested, or I'm sorry, you are entitled to a

14   jury.  The jury will make all of the fact findings with respect

15   to the charges here.  I'm ruling on the motions, and so I'm

16   issuing my orders as I speak right now.  You'll get a minute

17   entry with these rulings.

18         THE DEFENDANT:  Right, but isn't it true that Rule 2

19   of civil procedure says all rules are civil?

20         THE COURT:  No.

21         THE DEFENDANT:  All laws are civil?

22         THE COURT:  No.  I don't know what you are referring

23   to specifically in Rule 2.  But that Rule 2 does not apply to

24   this, so proceed.

25         THE DEFENDANT:  Number 14 -- 114, this is the first

1    motion in limine.  I will just stand on my motion on this one.

2            THE COURT:  All right.  Mr. Galati?

3            MR. GALATI:  And we will stand on our response, Your

4    Honor.

5            THE COURT:  All right.  In this first motion in

6    limine, Ms. Taylor, you move that all the parties be excluded

7    from using the terms "United States" and should instead say

8    "the District of Columbia."  That motion is denied as

9    frivolous, without authority and without basis.  And it's

10   denied.

11           What's your next motion?

12           THE DEFENDANT:  115, second motion in limine.

13           THE COURT:  Yes.  I'm going to go ahead and just rule

14   on this motion because it's very similar to another motion that

15   you filed and I think I've already ruled on.  You make some of

16   the same arguments here that you do in your Motion to Dismiss

17   For Unlawful Use of Misnomer that's related in document number

18   111 and then also in the Motion for firm -- to Dismiss For Firm

19   Offer of Settlement, document -- I think we said 158 and 108 or

20   it might have been 112.

21           You are asking to limit the arguments and references

22   to law to say no parties will refer to anything outside of

23   U.S.C. Title 26.  You're demanding that the IRS and the

24   plaintiffs submit sworn statements as to the constitutionality

25   of all the laws that they are applying and request exclusion of

1   any man or woman or person with an apparent possible conflict

2   of interest from the jury.

3          And you're asking me to recuse myself if I have a

4   potential conflict of interest.  And I think we've talked about

5   a number of these already.

6          There's no basis for my recusal.  There's no conflict

7   of interest.  Any person who is brought in to serve on the

8   jury, you'll have an opportunity to hear their responses to a

9   number of questions that the Court will ask.  You'll get

10   information with respect to them.  And either you can move for

11   cause that they be stricken from the panel or you'll have your

12   peremptory challenges that you will be able to exercise at the

13   time of trial.

14          There's no basis in law for -- to limit the parties in

15   any way to refer to anything as you request to refer to

16   anything outside of U.S.C. Title 26.  And there's also no basis

17   to submit any kind of sworn statement.  So that motion is

18   denied.

19          And what's your next motion?

20          THE DEFENDANT:  Next motion is 116.  And it's the

21   third motion in limine.  And it's talking about a jury scan and

22   being able to ask them certain questions.

23          Also it's talking about definition of justice, judge,

24   or magistrate judge in 28 U.S.C. 455.  Where it says any

25   justice, judge, or magistrate judge of the United States shall

1   disqualify himself in the proceeding in which his impartiality

2   might reasonably be questioned.

3         B is, he shall also disqualify himself in the

4   following circumstances:  Four, he knows that he individually

5   or as a fiduciary or his spouse or minor child residing in his

6   household has a financial interest in the subject matter in

7   controversy or any party to the proceeding or any other

8   interest that could be substantially affected by the outcome of

9   the proceeding.

10        D(4) is financial interest means ownership of a legal

11  or equitable interest, however small.  So that's basically

12  asking for information about the jurors and, of course, the

13  judge or magistrate.

14        THE COURT:  And these motions are starting to be

15  somewhat duplicative and repetitive.

16        Mr. Galati, do you have anything else on that?

17        MR. GALATI:  Your Honor, we stand on our response.

18        THE COURT:  We talked about the conflict.  Certainly

19  if a juror has a conflict, that will come out and they can

20  either be requested to be excused for cause or you can exercise

21  your peremptory.

22        I've already spoken, at least once, if not twice, that

23  there's not a basis for this Court to recuse themselves.  The

24  basis that you're seeking is rather broad, but there's nothing

25  to question my impartiality.  There's nothing that's been

1    highlighted that the Court can consider that would justify

2    recusing based on appearance or impartiality or anything else

3    under the recusal statutes.

4           So there's just no -- no basis to grant your third

5    motion in limine.

6           What's your next motion?

7           THE DEFENDANT:  Next motion is 117.  It's a Motion to

8    Quash, that's a First Amendment petition for redress of

9    grievances and as a challenge to authority.

10          THE COURT:  Okay.  Mr. Galati, did you have anything

11   else on this one?

12          MR. GALATI:  No, Your Honor, we stand on our response.

13          THE COURT:  Ms. Taylor, again, this -- you are talking

14   about Title 26, I think here.  You're talking about how you

15   haven't lived in D.C. so there's no personal jurisdiction.

16   That's irrelevant.  It doesn't matter whether you've lived in

17   D.C. for the Government -- the United States to bring this

18   charge against you.  And there is proper jurisdiction here.

19   And it appears that you are misinterpreting and misapplying the

20   law.

21          You don't have to be a citizen to have to pay taxes

22   under the revenue code.  The Government has appropriately

23   responded to your motion that the United States includes all

24   the states and cite 26 U.S.C. Section 7701(c), and that the

25   Indictment states the crimes were committed in the District of

1    Arizona.

2           The United States also highlights that the district

3    courts have jurisdiction of prosecution of all crimes against

4    the United States, including Title 26 violations.  The IRS does

5    have authority to assess taxes or require individuals to file

6    tax returns.  And they cite case law explaining that the 1040's

7    lack of an OMB number does not preclude anyone, including you,

8    from filing taxes under the Paperwork Reduction Act.

9           The Government also states in its response and points

10   out that the courts have stressed the taxpayer liability does

11   not arise under a contractual agreement, but under sections of

12   the Internal Revenue Code, and they cite the appropriate

13   statute.

14          So your motion --

15          THE DEFENDANT:  I might like to add something to that.

16          THE COURT:  Well, you had an opportunity, I think, but

17   go ahead.

18          THE DEFENDANT:  On page 1, I guess it is, Title 18,

19   part 3, it says in there that number A, no citizen shall be

20   imprisoned or otherwise detained by the United States except

21   pursuant to an act of Congress.  Interestingly, the Federal

22   Rules of Procedure 54(c) prior to December 2002 define the term

23   "act of Congress" as follows:  Rule 54(6) of the Federal Rules

24   of Criminal Procedure prior to December 2002, act of Congress

25   includes any act locally applicable to and enforced in the

1  District of Columbia, in Puerto Rico or any territory or any

2  ancillary position.  Rule 54 has since been transferred to

3  Rule 1 and the above explicit definition removed, perhaps in

4  bad faith to conceal the nexus of the U.S. as the District of

5  Columbia.

6          The prosecutor did not hit on a lot of these things

7  that were put in my motions.  They just did their frivolous --

8  normal frivolous, frivolous, frivolous.  There are a lot of

9  things in these motions that have merit and are on the law and

10  on the book and by Congress has the law to make statutes.  And

11  the prosecutor didn't hit on them.  They just rolled over them.

12          THE COURT:  Well, I've looked at it.  But the law that

13  you cited is not relevant here.  It doesn't apply and it

14  doesn't support --

15          THE DEFENDANT:  Well --

16          THE COURT:  It does not support your motion to quash

17  as a First Amendment petition for redress of grievances and as

18  a challenge to authority.  Your motion is without merit,

19  Ms. Taylor.

20          THE DEFENDANT:  If Congress only has authority in

21  Washington, D.C., why wouldn't that have merit?

22          THE COURT:  Well, you're wrong.  You're incorrect.  So

23  go on to your next motion.

24          THE DEFENDANT:  This one is 147.  Motion to Dismiss

25  For Abeyance.  This is my reply.

         1              THE COURT:  Well, do you have 119 next?  It's a

         2    motion --

         3              THE DEFENDANT:  This is 119, sorry, it was on the

         4    bottom.  This is a Section 83 claim which has a lot of merit,

         5    and no one has been able to come and dispute it as it says.  It

         6    tells how your income is to be interpreted.  And I do have

         7    another brief that's on -- in here that explains a lot more

         8    about it.  But this tells and it gives four cases here that the

         9    Government used, Monsanto, Alvarez, Gonzalez and Rucker, that

        10    the word that they have in there is any or any property.  And

        11    when someone tries to use that as any property, the Government

        12    tries to say that it's not income as in cash.  They are talking

        13    about property, real property.

        14              That's not so because in Monsanto, Alvarez and those

        15    four cases, the Government successfully won with the

        16    opposite -- opposite argument.  And this -- this particular

        17    argument has been before Congress since two-oh-five, I believe.

        18    Dave Myrland put it in.  We have not had one response from

        19    anybody from Congress.  He's had it numerous -- numerous

        20    different places.

        21              THE COURT:  When you say "we," who are you referring

        22    to when you say --

        23              THE DEFENDANT:  Dave Myrland is the one who put in the

        24    memorandum to Congress in two-oh-five.  He also put one into

        25    the president.

1          THE COURT:  I don't know who he is, who is he?

2          THE DEFENDANT:  He's someone who I will be calling for

3     an expert witness.

4          THE COURT:  Well, who is he?

5          THE DEFENDANT:  He is a -- I don't have his

6     credentials with me, but I can get them for you.

7          THE COURT:  I'm just trying to figure out why you are

8     citing him.  Is he part of an organization that you belong to?

9          THE DEFENDANT:  No, he has just been a -- a law

10    professor student.  He has worked -- I don't have all of this

11    credentials with me, I'm sorry.

12         THE COURT:  Do you have anything else?

13         THE DEFENDANT:  This one will be argued extensively,

14    and I would like time to argue it, but I did not prepare to

15    come and bring my notes on it today.

16         THE COURT:  We've already talked about that,

17    Ms. Taylor.  This was the time to argue the motions.  And

18    you -- you got notice of that twice.

19         THE DEFENDANT:  Well, I notice that the prosecutor has

20    not mentioned -- he's not sent anything back about this.  So we

21    need --

22         THE COURT:  Government responded at document 133 to

23    this particular motion.  This is document 119.

24         THE DEFENDANT:  Let's see what he said here.  Oh, all

25    he has said in here is that miscalculator compensation is gross

1  income.  83 addresses how you -- how you determine gross

2  income.  And it says property, any property.

3          THE COURT:  All right.  Thank you.  Do you have

4  anything else?

5          MR. GALATI:  No, Your Honor.  We stand on our

6  response.

7          THE COURT:  Ms. Taylor, it looks like something that

8  you may try, I think, to present to the trial.  It's certainly

9  not a basis to dismiss the Indictment.  It does appear that it

10  is a misapplication of this provision in this case.

11          It looks like you're taking issue with the -- with the

12  count in this case pertaining to gross income.  And I think it

13  appears that you're asserting because you were paid for

14  services, somehow this is not gross income subject to taxation.

15          And so you're looking at Title 26, section -- of the

16  United States Code, Section 83.  And that particular section

17  addresses instances where property is used to compensate

18  another for performing service and provides a method of -- for

19  calculating the property recipient's tax liabilities.  It

20  appears that the Indictment alleges that you earned income and

21  abated assessment upon income obtained from commissions earned

22  for real estate sales and profits earned from sale of real

23  estate, and that section doesn't apply since the Indictment

24  does not allege that you received property in exchange for

25  services.

```
 1            THE DEFENDANT:  But it says any -- any compensation.

 2            THE COURT:  You will be able to argue that to the

 3    jury.  It's not a basis for dismissal.

 4            Go on to your next motion.

 5            THE DEFENDANT:  This is document 135.

 6            THE COURT:  125 or --

 7            THE DEFENDANT:  135.  Oh, this one I will just pass

 8    on.

 9            THE COURT:  I don't know what that is.  What's the

10    motion?

11            THE DEFENDANT:  It's number 135, it's Exception of

12    Previous Order For Fundamental Violation of Procedural Rights.

13    And I'll just stand on that.

14            THE COURT:  Do you know what that is, Mr. Galati?

15            THE COURTROOM DEPUTY CLERK:  That's a notice, Judge.

16            MR. GALATI:  Yes, Your Honor, document 135 we

17    responded with document 142, which is our response to

18    Defendant's Exception of Previous Order.

19            THE COURT:  Well, it's a notice.  I don't know that it

20    was filed as a motion.

21            MR. GALATI:  Right.

22            THE COURT:  To the extent that it's a motion, it's

23    denied.

24            Your next motion?

25            Well, the next motion I had was document 125.  It was
```

1   a Motion to Extend Time to File Pretrial Motions.  That's been

2   denied -- or granted in part and denied in part.

3          I'll go ahead and let all of the motions as of today

4   stand, but no further motions, especially considering the

5   nature of these motions that have been presented.  They do

6   appear, with all due respect, Ms. Taylor, to be frivolous.  And

7   I know we will respectfully disagree with each other on that.

8   But they are not relevant.  They don't apply to this case and

9   to this incident -- to this particular charge -- charges

10  against you.

11         So nothing so far has been a basis to dismiss or

12  require the relief that you are requesting in a number of these

13  motions.

14         So the motion which is document 125 is granted in part

15  and denied in part.  I'll let the ones that came in after

16  October 22nd and up to today stand, and the Government will

17  file their responses.  And we will deal with those when they

18  are fully briefed.  But then there will be no other motions.

19         So the next one I have is document 137, Motion to

20  Dismiss Improper Plaintiff.

21         THE DEFENDANT:  I have 136.

22         THE COURT:  Okay, what is that?

23         THE DEFENDANT:  That is admissions, I've asked for

24  admissions from the Government, and they wrote back saying

25  that --

1          THE COURT:  It's a notice.

2          THE DEFENDANT:  And I also made a Motion to Compel

3    because they didn't answer, I guess.  Did they answer on this

4    one?

5          MS. ANDERSON:  I think it's related to number 166,

6    Your Honor.

7          THE DEFENDANT:  Yeah, 143 they did make a motion back.

8          THE COURT:  Well, all of these motions to compel --

9    well, I'm going to deal with 166 in just a moment.  Or we can

10   deal with it now if it relates to this admissions notice that

11   you filed.  A motion to compel prosecutor to answer these

12   admissions for failure to comply with document 136 or response

13   of document 143, it appears that these are a series of requests

14   for admissions with questions like Taylor is not subject to the

15   State of Arizona Constitution, the State of Arizona's a fiction

16   or a legal fiction.

17         It appears this was filed after the October 27th, but

18   regardless, the Government is not required to respond to any of

19   what you've identified here in terms of just -- I'm not even

20   quite sure what you're asking for.  You're asking for them to

21   admit that Taylor is not subject to the State of Arizona

22   Constitution, the State of Arizona is a fiction or legal

23   fiction?

24         Do you have anything else, Mr. Galati?  Is that

25   correct?  Is what that what is being requested here?

1          MR. GALATI:  Correct, Your Honor.  We filed a response

2     of document 143 saying that unless you order us to respond to

3     these requests for admissions, we are not going to do it

4     because we don't think it's appropriate.

5          THE COURT:  Again, Ms. Taylor, I think you are

6     confusing and trying to impose the civil law or Civil Rules of

7     Procedure onto the Criminal Rules of Procedure.  They don't

8     apply.  This is inappropriate.  There's no basis for me to

9     require the Government, the United States to file these

10     admissions that you're requesting.  So that's denied.

11          THE DEFENDANT:  Well, can I ask you a question?

12          THE COURT:  Sure.

13          THE DEFENDANT:  If they served admissions on me, and

14     wanted me to answer them, would I be required?

15          THE COURT:  I don't think so.  I don't think they've

16     served any admission.

17          THE DEFENDANT:  I said if they served admissions.

18          THE COURT:  There's no provision for admissions within

19     the criminal context, Ms. Taylor.

20          THE DEFENDANT:  There's no admission for -- there's

21     no --

22          THE COURT:  No, they filed an Indictment against you.

23     They don't need for you to admit to anything.  They have the

24     burden of proof.  They've submitted that they can prove this.

25          THE DEFENDANT:  Yes, but I'm not allowed to ask them

```
 1   questions?

 2           THE COURT:  Well, you can --

 3           THE DEFENDANT:  I'm not allowed to ask them through

 4   these admissions?

 5           THE COURT:  No, it doesn't work --

 6           THE DEFENDANT:  All they have to do is deny it if they

 7   don't want to answer it, deny it.

 8           THE COURT:  It doesn't work that way.  I suppose you

 9   can ask them questions, because you're a lawyer representing

10   yourself and to the extent that they can answer, certainly they

11   can.  But it doesn't work that way.  That's how it works -- I

12   think you are confusing the civil procedure.

13           MR. GALATI:  Let me just say for the record, Your

14   Honor, we are certainly open to stipulating to any facts that

15   she might want to stipulate to if there's a request to

16   stipulate to facts to shorten the trial or narrow the dispute,

17   we are open to that.  I would ask that -- and certainly even on

18   legal issues or jury instructions or anything like that.  I

19   would certainly ask that Ms. Taylor filter it through

20   Ms. Anderson to make sure that Ms. Anderson thinks it's worthy

21   of submission to us, but we are certainly open to narrowing the

22   issues of fact in dispute.

23           THE COURT:  All right, now go on to your next one.  I

24   think that dealt with your whatever, 136, but also document

25   166.  That is denied.  Can we move on to 137.
```

1        THE DEFENDANT:  Yes.  Demand 137 is Demand to Dismiss

2    Improper Plaintiff.  And that is upon proof of claim, I have

3    asked for them to answer these questions that are in here and

4    which they didn't.  So you can deny that, too, if you want.

5        THE COURT:  Well, I think it's appropriate to do that,

6    Ms. Taylor.  I'll tell you why.  This seems to be another

7    motion about the United States of America not being a proper

8    party.  And I think you refer as just being an abstraction

9    which refers to the 50 states.  It is not a Federal Government,

10   and there's no government entity by that name.  There's no

11   government entity by the name of the -- of the United States of

12   America.

13       So I understand, it appears, Ms. Taylor, you have a

14   certain ideology about how you view the United States.  You

15   want to make a certain argument with respect to that.  You will

16   have your opportunity to do that before the jury.

17       It is in no way a basis to dismiss, like you are

18   requesting.  I'm not sure I understand what you're talking

19   about when you say there's no -- there's not a United States of

20   America.  You've set forth in your papers what you're trying to

21   assert.  It doesn't -- it's not relevant.  It's not a basis for

22   dismissal.  Your motion is denied.

23       You can move on to your next motion.

24       THE DEFENDANT:  The next one is 138.  It's a motion

25   for Bill of Particulars.  I don't know if you allow those or

1    not either.  The book says you do.

2         THE COURT:  Well, there is in the criminal context the

3    ability to ask for a Bill of Particulars.  But it does have to

4    be justified.  There are very certain circumstances that must

5    exist for a Bill of Particulars to be justified.

6         And here it appears that you allege that the

7    Indictment didn't cite the particular statute that was

8    violated.  And I think you also make a reference that it

9    doesn't state what statute requires individuals to make income

10   tax returns.

11        And the Government has responded that Rule 7(f), which

12   permits the Government to file a Bill of Particulars, is to

13   minimize of the danger of surprise at trial, to provide

14   sufficient information regarding charges to allow the defense

15   to prepare.

16        The Government has stated in its response that the

17   nature of the charges is clear.  The statutes have been

18   referred to, the relevant statutes.  Defendant didn't -- the

19   allegation is that you didn't pay taxes or file returns for the

20   years 2003 to 2006.  They have asserted and avowed that they

21   have provided you with more discovery than what is required

22   under the statute.

23        After hearing today what they have given you and

24   allowed you to view, that appears to be correct.  And the

25   defendant -- it doesn't appear that you really have -- don't

1    know what the charge is, because it's been set out.

2         So it looks like you're just making your argument that

3    you disagree with the United States income tax laws.  And

4    that's not the purpose for a Bill of Particulars.  You have

5    access to all of the discovery.  And so your Motion for a Bill

6    of Particulars in this instance is denied.

7         THE DEFENDANT:  May I say something?

8         THE COURT:  Certainly.

9         THE DEFENDANT:  In this Bill of Particulars it asks

10   what statute or section imposes a duty or a requirement to make

11   an income tax return.  They have never told me what statute

12   that imposes a duty.

13        Also --

14        THE COURT:  Well, they have met the requirements of

15   filing the Indictment and referring to the appropriate statute.

16   If you find that there's a defense that because of that, you

17   can argue that to the jury.

18        Go on to your next motion.

19        THE DEFENDANT:  Now how would the jury know that?

20        THE COURT:  Well, you would produce it.

21        THE DEFENDANT:  Well, I could produce it, yes, but

22   how?

23        THE COURT:  Or you could argue that they haven't

24   produced it and the jury can consider that.

25        THE DEFENDANT:  And you don't stop them from listening

1    to the law?

2         THE COURT:  I instruct them on the law.  We will have

3    a charge conference.  We will decide what the appropriate law

4    is that applies here, what the law that the jury should be

5    informed of in deciding this case to apply the facts that have

6    been presented.  You'll have an opportunity to argue at that

7    point what the law should be that the jury should be given.

8         If I find it's relevant and appropriate, I'll instruct

9    the jury on it.  If I find that it's not relevant and

10   appropriate, that it may cause confusion or just not be

11   relevant, then they won't be instructed on it.  But we will

12   have that -- you'll have that opportunity at the charge

13   conference to discuss the law.

14        Otherwise the Indictment here is in conformance, so --

15        THE DEFENDANT:  But if it's not in conformance with

16   the law --

17        THE COURT:  It is in conformance with the law.  It is

18   in conformance with the law.

19        Move on to your next motion, Ms. Taylor.

20        THE DEFENDANT:  Document 139 I'll just stand on.

21        THE COURT:  I don't know what document 139 is, can you

22   tell me.

23        THE DEFENDANT:  It is Notification For Cause.

24        THE COURT:  I'm not sure what requested relief you are

25   seeking in that.  It wasn't styled as a motion.  To the extent

1   it's a motion, it's denied.

2          Your next motion.  And I think we've already dealt

3   with document 158.  So it looks like the only other -- and I

4   think we've dealt with 166.  So the only other outstanding

5   motions are motions that were filed that the Government has not

6   responded to.

7          THE DEFENDANT:  This is 172, Motion For Enlargement of

8   Time, Motion For Oral Hearing.

9          THE COURT:  Right.

10         THE DEFENDANT:  That was done back on December 14th.

11  So --

12         THE COURT:  Well, the Government didn't respond to

13  that, because that was filed afterwards.  And I've just dealt

14  with part of that.  I'm going to now deal with the other part

15  of that and that's setting a trial date in this case.  I think

16  otherwise the remaining motions will have to be dealt with once

17  they are fully briefed.

18         THE DEFENDANT:  Okay.

19         THE COURT:  So I have addressed most, if not all of

20  the motions that have been filed, I think, up to this point

21  that were filed before the pretrial motions deadline.

22         Let me just double-check that.

23         So document number 172 is a Motion For Enlargement of

24  Time on All Proceedings and Motion For Oral Hearing on Motions.

25  Well, that's granted in part and denied in part.  I have had --

1    we've had an oral hearing on the motions that were filed up to

2    this -- up until the time that the pretrial deadlines allowed.

3              And then a Motion For Enlargement of Time of All of

4    the Proceedings, that's also going to be granted in part and

5    denied in part.  There's not -- I'm denying your request to

6    enlarge a motions deadline.  But it looks like the Government

7    is not objecting to a trial continuance.

8              I'm going to give just a brief trial continuance, but

9    certainly not the 60 or 90 days.

10             I'm going to set this for trial now for March the

11   15th.  That's approximately 45 days from the current trial

12   setting.

13             THE DEFENDANT:  March 15th?

14             THE COURT:  Yes.

15             THE DEFENDANT:  Your Honor, would you also disclose a

16   time line to -- to discuss witness lists?

17             THE COURT:  Well, yes.  There will be a final pretrial

18   conference.  I'm going to set that as well.  And then I'll set

19   a deadline for you to submit your proposed voir dire questions,

20   your proposed jury instructions, and then if you want to, I'll

21   set a deadline for your proposed witnesses as well.

22             So --

23             THE DEFENDANT:  Does -- do you have any problem with

24   paying for expert witnesses to come in?

25             THE COURT:  Well, you need to consult with

1    Ms. Anderson, and she can talk to you maybe about how that

2    might be done.

3             THE DEFENDANT:  All right.

4             THE COURT:  Okay?

5             THE DEFENDANT:  Is there a time frame or anything when

6    that has to be in?

7             THE COURT:  There is, especially if it's an expert.

8    And you'll need to consult with Ms. Anderson about that as

9    well.

10            So, let me just make sure the Government's going to

11   respond then specifically document 177, that's the Motion to

12   Dismiss Grand Jury Indictment and the request for the jury list

13   or something like that.  And then I guess number -- document

14   number 179, Motion to Dismiss For Lack of Personam

15   Jurisdiction.

16            That's -- and so how soon can you do that, Mr. Knapp?

17            MR. KNAPP:  Can I have a week, Your Honor?

18            THE COURT:  Yes.

19            MR. KNAPP:  One week is fine.  And I will just note

20   that our response to 139 may not be very long because it looks

21   like it may be similar to 119, so we will take a look at it and

22   give our response to it.

23            THE COURT:  All right.  There is a United States

24   motion to quash a subpoena, document 183.

25            MR. GALATI:  Yes, Your Honor, I think I just filed

```
 1    that yesterday.  The subpoena was served on me the day before

 2    yesterday.

 3              THE COURT:  All right.  So, Ms. Taylor, if you want to

 4    respond to that motion, you'll have a week to do that as well.

 5              MR. GALATI:  Your Honor, could I say one thing about

 6    that?

 7              THE COURT:  Sure.

 8              MR. GALATI:  I believe what that -- what that really

 9    asks is that we have Cheryl Bradley, who is the revenue agent

10    that performed the tax due and owing calculations, present on

11    the day of trial.  She is going to be a government witness.

12    She will be here.

13              And then just prior to the proceedings this morning,

14    Ms. Anderson asked me on behalf of Ms. Taylor if Ms. Taylor

15    could interview Ms. Bradley.  We are going to ask her if she

16    wants to submit to an interview.  If she will, we will arrange

17    it.  And that's what that is.

18              THE COURT:  So that may resolve it.  If it does, then

19    you may choose not to file a response.

20              MR. GALATI:  I really don't think Ms. Taylor needs to,

21    unless there's something I'm not aware of.

22              THE COURT:  Ms. Taylor, I want to make sure, I'm sure

23    Ms. Anderson, if you ask her, will advise you.  You spent a lot

24    of effort, it looks like, in filing a number of motions.

25    Again, respectfully, many of them really just don't apply and
```

1    are without merit.

2           The trial date, I'm just really reluctant to continue

3    it at all.  But based on the Government's response, and I just

4    want to highlight and urge, because I don't want there to be an

5    issue, so I want it to be very clear.  You need to -- you might

6    consider spending your time in looking at the documents and

7    doing, you know, what you think you need to do with respect to

8    the evidence that's been highlighted as potential exhibits

9    prior to the trial.  It looks like you may not have spent a lot

10   of time on that.

11          These motions, it looks like you spent a lot of time

12   on those, but that time is done with respect to them.  A lot of

13   them are repetitive at this point.  So I'm not sure how

14   fruitful that is for you.

15          So I will continue this for a limited period, to March

16   the 15th.  Responses will be due in a week from today.  So that

17   is -- I don't have a calendar.

18          THE DEFENDANT:  The 19th.

19          THE COURT:  The 19th.  And then I will set a deadline

20   of February, the first week of -- or the second week of

21   February, the end of that Friday, or the second week of

22   February.

23          THE DEFENDANT:  The 11th.

24          THE COURT:  February the 11th to submit your proposed

25   voir dire, your proposed jury instructions.  And then if you

```
1    all want to exchange what -- who your witness lists will be,
2    you can do that.  And then you can just file those before the
3    trial.
4         Certainly if you have any experts, that should be
5    disclosed sooner rather than later.
6         THE DEFENDANT:  On February 11th?
7         THE COURT:  I'm advising that that be the date that
8    you submit that by.  I'm not sure what the rules are with
9    respect to the expert in light of the current posture of this
10   case.  So you'll want to look at that.
11        And then we will have a final pretrial conference
12   where we will rule on the outstanding motion -- where I'll rule
13   on the outstanding motions that will be briefed and then
14   consider everything else on -- let me give you a date.  It
15   probably will be --
16        THE COURTROOM DEPUTY CLERK:  The 22nd at two.
17        THE COURT:  The 22nd of February.
18        THE DEFENDANT:  Can I ask a question?
19        THE COURT:  Certainly.
20        THE DEFENDANT:  On this motion, 182, the one that I
21   first brought in here about the jury inspection, are we waiting
22   for an answer from the prosecutor?
23        THE COURT:  I think that's 177.
24        THE DEFENDANT:  I have it down as 182, but it could
25   be.
```

1          THE COURT:  What's --

2          THE DEFENDANT:  What it is, it's a Motion to Provide

3   For Inspection of Jury List in Support of a Future Motion to

4   Dismiss Grand Jury Indictment.

5          THE COURT:  Well, it's very much related to 177, it

6   looks like.  So --

7          THE DEFENDANT:  Well, this is particularly this

8   particular document here.

9          THE COURT:  Well, I know, but --

10          THE DEFENDANT:  Did you rule on that as a denial?

11          THE COURT:  No, I told the Government they would have

12   to respond, if that was filed after the date.  So they will

13   respond in a week to that.

14          THE DEFENDANT:  Okay.

15          THE COURT:  It looks like it might be very similar to

16   177.  But the Government will respond to that.

17          THE DEFENDANT:  All right.

18          MS. ANDERSON:  Your Honor, if I may, you said you were

19   going to set a pretrial on the 22nd of February.  I have a

20   final pretrial in another case at four o'clock that day.  So if

21   we could work around that.

22          THE COURT:  What time did we set this for?

23          THE COURTROOM DEPUTY CLERK:  Two o'clock.

24          MS. ANDERSON:  Two o'clock, sorry.

25          And, Your Honor, there is one outstanding Government

1    motion which they may address now.

2              THE COURT:  What's that?

3              MR. KNAPP:  Yeah, if you don't mind, Your Honor, there

4    is a pending motion.  It was a sealed motion only because it

5    includes taxpayer information, but it's a motion for limited

6    disclosure of tax information relating to third parties.

7              THE COURT:  Relating to what?

8              MR. KNAPP:  Relating to third parties.  It's for

9    people and entities associated with the defendant, Ms. Taylor.

10   And Ms. Taylor responded this week saying she didn't oppose the

11   disclosure, which didn't surprise me, but she wants disclosure

12   broader than what I've proposed in my -- in our motion and in

13   our proposed order.

14             I don't know if you want to take that up now or if the

15   Court wants to take it up at another time.

16             THE COURT:  I'm not sure I understand.  I'm not sure

17   I'm appreciating it.  I didn't look at that one before I came

18   out here, so tell me what it is.

19             MR. KNAPP:  Sure, Your Honor.  What it is, is what

20   we've alleged in this case is tax evasion.

21             THE COURT:  Okay.

22             MR. KNAPP:  And some of the evasive activity that was

23   alleged is that Ms. Taylor used sham entities to hide assets

24   and income.  And we think that at trial we will need to

25   present -- there's evidence that we will want to turn over in

1    discovery and also some stuff that we want to mark as exhibits

2    in trial about the individuals who are listed as trustees of

3    those entities and about the trusts or other entities

4    themselves.  And that would qualify as third-party tax

5    information.

6          But we think it's important to this case to show that,

7    for example, that the money wasn't distributed elsewhere or it

8    wasn't otherwise claimed by someone, to, again, just so that

9    this is money that Ms. Taylor was diverting to hide her income

10   from the IRS.

11         THE COURT:  Well, what's your motion?  What's your

12   request?

13         MR. KNAPP:  Our request is to disclose that

14   information to the defendant.  But we propose doing it under a

15   protective order because it is taxpayer information.

16         Now, the wrinkle in this case is that the -- the

17   individuals identified are her boyfriend and daughter and

18   entities again we believe are closely --

19         THE COURT:  You are saying the entities, is that what

20   you're saying?

21         MR. KNAPP:  Entities, yes.  We believe those are

22   closely associated with Ms. Taylor, so I don't think there's

23   really, you know, much issue about whether they are -- whether

24   that's relevant.  I don't think there is much that will

25   surprise Ms. Taylor, but because it is taxpayer information, we

1   did think the appropriate thing would be to present it to the

2   Court with a motion asking us for authority to disclose it.

3           THE COURT:  Okay, you may.

4           MR. KNAPP:  Okay.  Pursuant to a protective order or

5   should we just turn it over?

6           THE COURT:  Do we need a protective order here?  Why

7   don't you consult -- Ms. Taylor, do you need a protective

8   order, or do you understand the sensitive nature of this

9   information?  It looks like you know both of these individuals

10  that you are going to get the sensitive information about.

11          THE DEFENDANT:  Yes, I did write back in document 181.

12  And I -- what I'm understanding, if I'm understanding it

13  correctly, is that they want to give this information to my

14  attorney and for me to only be able to go up there and read it.

15          THE COURT:  There's no -- they are going to give it to

16  you through Ms. Anderson, who is acting as your side counsel

17  here.

18          THE DEFENDANT:  Yeah, but I was under the impression

19  that -- that she kept it.  And then I wouldn't have it in my

20  possession to go home and read.  I would have to come up to her

21  and get it each time I wanted to go over it.

22          THE COURT:  Is that acceptable to you or not?

23          THE DEFENDANT:  No, I want to be able to have it.

24          THE COURT:  Then you understand -- then I'm going to

25  impose a protective order if it's going to go to you.

1      THE DEFENDANT:  Um-hmmm.

2      THE COURT:  Because the Government is concerned.  They

3  don't want -- that's personal information, private information,

4  sensitive information regarding, I believe it's your daughter

5  and your boyfriend.  And so you are going to be directed not to

6  further disseminate that information.

7      THE DEFENDANT:  All right.  Now, I do work with -- if

8  there's anything in there, I do work with various tax people

9  that are helping me.  If -- is there anything in there that I

10  wouldn't be able to show them?

11      THE COURT:  Well, that's just it.  You need to read

12  their motion and understand that they want to put a limitation

13  to protect themselves from somebody getting these social

14  security numbers and somehow using them.  Do you understand

15  that?

16      THE DEFENDANT:  Well, can't they black out the social

17  security numbers?

18      THE COURT:  Well, they can, I guess.

19      MR. KNAPP:  We could redact portions of those tax

20  records, but they would still remain in -- still remain

21  taxpayer information.  Again, we are just trying to make sure

22  that we are respecting the rights of the individual taxpayers

23  involved.  If the Court thinks --

24      THE COURT:  She sounds like Ms. Taylor is okay with a

25  redaction so redact it.

1          MR. KNAPP:  Okay, we will just redact the socials,

2   okay.  Yes, Your Honor.

3          THE COURT:  All right.  I think that's everything.

4          I need to look at the schedule to see if I'll be the

5   one presiding over the remainder of this case or if there will

6   be somebody else.  I'll let you -- you'll find out.

7          We will be in recess.  Thank you.

8          (The court stood in recess.)

9                          *     *     *

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2

3

4

5

6          I, MERILYN A. SANCHEZ, do hereby certify that I am

7    duly appointed and qualified to act as Official Court Reporter

8    for the United States District Court for the District of

9    Arizona.

10         I FURTHER CERTIFY that the foregoing pages constitute

11   a full, true, and accurate transcript of all of that portion of

12   the proceedings contained herein, had in the above-entitled

13   cause on the date specified therein, and that said transcript

14   was prepared under my direction and control.

15

16

17         DATED at Phoenix, Arizona, this 13th day of January,

18   2011.

19

20

21                              _____

22                              MERILYN A. SANCHEZ, CRR

23

24

25