**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Janice Sue Taylor, also known as Sue J. Taylor,<br><br>    Defendant. | No. CR10-0400-PHX-DGC<br><br>**ORDER** |

Defendant Janice Sue Taylor has filed a document titled Demand for Stay of Trial Until Interlocutory Appeal to 9th Circuit Has Been Adjudicated. Doc. 198. Defendant Taylor asserts that she has appealed this Court's denial of one of her motions, and that her criminal trial, now scheduled for April 19, 2011, must therefore be stayed. For reasons that follow, the Court disagrees. Trial in this case will proceed as scheduled on April 19, 2011 at 9:00 a.m.

This case was recently transferred to the undersigned when Judge Mary Murguia was appointed to the Ninth Circuit Court of Appeals. The first hearing in this case was held on February 9, 2011. Prior to the hearing, Judge Murguia had ruled on numerous motions filed by Defendant Taylor. At the hearing on February 9, 2011, this Court ruled on Defendant Taylor's motion to inspect the jury list for members of her grand jury. She argued that members of federal juries, whether grand or trial juries, must reside solely within federal territories. Persons who reside within states cannot serve on federal juries, she claimed, and an inspection of the jury list would show that her grand jury was invalid

because its members did not live on federal territory. Defendant Taylor repeats this argument in her briefing on the motion to stay:

> **Federal jurors** must reside in the **Federal Sovereignty Territory** or they cannot serve on a Federal jury, pursuant to the 6th Article of Amendment to the Constitution and Title 28 Chapter 5 §§ 81-131. . . . Movant has adequate reason to believe that none of the Grand Jurors in this matter lawfully reside within **Federal Sovereign Territory**. Simply put all of the **private property** under the sovereignty of Arizona is without the sovereign **Territory** of the **Federal government**.

Doc. 204 at 3 (emphasis in original).

The Court denied Defendant Taylor's motion for the following reasons, stated on the record during the hearing on February 9, 2011:

> I'm going to deny the motion both as to the motion to dismiss and the motion for information about location of grand jurors, and I'm going to do it for this reason: The premise of the motion that a grand jury member in the State of Arizona has to live in a federal territory is not correct. It's legally incorrect.
>
> I understand you disagree with me on that, Ms. Anderson -- Ms. Taylor, excuse me. But my conclusion is that it is incorrect. 28 U.S.C. section 1865(b) establishes the requirements for jurors in the District of Arizona, or any other district for that matter. The juror must be a citizen of the United States, 18 years old, and reside within the District of Arizona for one year.
>
> This court has promulgated the jury selection plan that specifies those criteria. Only people who meet those criteria can be called to serve on either grand juries or regular trial juries.
>
> And therefore, I believe that all of the jurors are qualified because they are residents of the District of Arizona and that there is no legal requirement that they reside in a federal territory as you have contended. And since that's the premise for the motion and for seeking the information, I'm going to deny the motion.

Doc. 203 at 7-8.

Defendant Taylor has filed a notice of appeal from this decision. Doc. 201. As a result, she argues, the Court should stay this case while she pursues the appeal.

Under 28 U.S.C. § 1291, a federal court of appeals has jurisdiction over "final decisions of the district courts of the United States." A district court's decision is appealable under § 1291 only when the decision ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *United States v. Pace*, 201 F.3d 1116, 1118 (9th Cir. 2000); *Confederated Salish v. Simonich*, 29 F.3d 1398, 1401 (9th Cir. 1994). In a criminal case, litigation is not ended, and therefore is not subject to appeal, until the conviction and imposition of sentence. *Pace*, 201 F.3d at 1118; *Flannigan v. United States*, 465 U.S. 259, 263 (1984). As a result, this Court's order on Defendant Taylor's motion to inspect the juror rolls is not an appealable order. Defendant Taylor's attempt to appeal this ruling is invalid.

Generally, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But when a notice of appeal "is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate is issued on the appeal does not apply." *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007). Simply put, "[f]iling an appeal from an un-appealable decision does not divest the district court of jurisdiction." *United States v. Hickey*, 580 F.3d 922, 928 (9th Cir. 2009).

Because Defendant Taylor has attempted to appeal a non-appealable order, her appeal attempt is invalid and does not divest this Court of jurisdiction. Moreover, this Court fully expects that the court of appeals will dismiss Defendant Taylor's appeal as invalid. As a result, Defendant Taylor has presented no basis for staying this case.

Trial in this matter will begin on **April 19, 2011 at 9:00 a.m.** The pretrial schedule established by the Court's order of February 11, 2011 (Doc. 196) remains in effect. Defendant Taylor is expected to comply with that schedule.

**IT IS ORDERED** that Defendant's Demand for Stay of Trial Until Interlocutory Appeal to 9th Circuit Has Been Adjudicated (Doc. 198) is **denied**.

Dated this 4th day of March, 2011.

*(signature)*

David G. Campbell
United States District Judge