**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Janice Sue Taylor, also known as Sue J. Taylor,<br><br>Defendant. | No. CR10-0400-PHX-DGC<br><br>**ORDER** |

On April 1, 2011, the Court held a final pretrial conference in this case. Defendant Janice Sue Taylor asserted at the hearing that she could not be prepared for the April 19, 2011 trial because the government has recently produced two CDs of documents that she did not have time to review. Counsel for the government explained that the documents previously were made available for Defendant's inspection. The Court asked counsel for the government to confirm this fact in a memorandum to be filed before a hearing scheduled for April 7, 2011.

The government filed the memorandum as requested. Doc. 225. During a discussion with counsel for the government and Defendant on April 7, 2011, the Court concluded that the documents produced to Defendant on March 18, 2011, had been made available for her inspection six months earlier. Defendant had inspected some of the documents, requested copies of some, and never had availed herself of the open opportunity to inspect the rest. Even after Judge Murguia denied her request that the

government be required to make copies of all of the documents – a denial that occurred on January 12, 2011 (Doc. 185) – Defendant did not avail herself of the opportunity to complete her review of the documents. The Court concluded that the government had complied with its Rule 16 obligations with respect to the March 18, 2011 production.

The government's memorandum explained that the March 27, 2011 production included documents that previously had been made available to Defendant on November 15, 2010, with the exception of 20 to 25 pages recently obtained from a witness and approximately 210 pages of Jencks Act material. *See* Doc. 225. The Court concluded that this production also satisfied the government's Rule 16 obligations and did not provide occasion for continuing the trial.

After the Court had addressed these matters at the April 7 hearing, Defendant asserted that she had received another CD, before the March 18 and March 27 productions, that she did not have time to review. In response, counsel for the government explained that the government produced to Defendant on March 16, 2011, approximately 2,000 pages of documents related to trusts the government alleges Defendant used to hide her assets. The government obtained these documents from Defendant's boyfriend, Ronald J. McBride, and her daughter, Desiree E. Saunders, pursuant to much-litigated subpoenas. The government did not open the documents until January, and provided full copies on CDs to Defendant on March 16, 2011, when the documents were identified as trial exhibits. The Court took under advisement the question of whether this was timely production pursuant to Rule 16.

The Court has now had an opportunity to review the docket in this case and the prolonged process that was required for the government to obtain the trust documents from Defendant's boyfriend and daughter. The government served subpoenas on McBride and Saunders during the grand jury investigation of Defendant. Some of the documents were brought by McBride and Saunders to the grand jury, but these witnesses refused to turn

them over to the government.  Doc. 46 at 2.  Subsequently, proceedings were held before Judge Frederick J. Martone to obtain copies of the documents.  Because an indictment had already been issued by the grand jury, Judge Martone and the parties decided that pursuit of the documents should continue in the criminal case against Defendant.

As a result, the government began this case by serving trial subpoenas on McBride and Saunders.  McBride and Sanders responded by filing motions to quash on May 28, 2010.  Docs. 14, 15.  The motions were virtually identical and made many of the same arguments Defendant has made in this case – the government has no standing to prosecute Defendant, the government has not established a *corpus delecti*, Defendant is not within the "Federal District of Arizona." *Id*.

On June 3, 2010, McBride and Saunders filed addenda to their motions.  Docs. 16, 17.  These addenda, which again were identical, complained about methods the government has used to collect evidence regarding Defendant.  These documents and others filed by McBride and Saunders were in a form similar to that used by Ms. Taylor throughout this case.

On July 13, 2010, McBride and Saunders filed motions requesting transcripts of various proceedings before Judge Martone.  Docs. 36, 38.  On August 2, 2010, Judge Murguia ordered McBride and Saunders to produce the documents.  The witnesses responded by filing motions for reconsideration on August 9, 2010.  Docs. 44, 45. Eleven days later, they filed motions for relief from the order to produce documents and motions to recuse Judge Murguia.  Docs. 49, 51, 57.

On August 27, 2010, Judge Murguia issued an order requiring McBride and Saunders to show cause why they should not be held in contempt for failure to comply with the subpoenas and the Court's orders.  During ensuing weeks, mail sent by the clerk's office to McBride and Saunders was returned unopened.  Docs. 81, 82, 84-89.  On September 23, 2010, Judge Murguia held McBride and Saunders in contempt.  Doc. 101.

Judge Murguia ultimately appointed counsel to represent McBride and Saunders. At a hearing on October 26, 2010, counsel for McBride and Saunders stated that an agreement had been reached with the government for production of the documents. Doc. 141.

As counsel for the government explained at the April 7, 2011 hearing, although McBride and Saunders produced documents related to Ms. Taylor's trusts in October of 2010, the government could not open and review the documents until McBride and Saunders executed the act-of-production immunity agreement entered into between the government, McBride, and Saunders. Because final assurances on their signatures of these agreements were not received until January of 2011, the government did not open the boxes until that time. Full copies of all the trust documents obtained from McBride and Saunders were produced to Defendant in a CD dated March 16, 2011.

Given the prolonged history of the government's efforts to subpoena documents from Defendant's boyfriend and daughter, the Court cannot conclude that the government breached its Rule 16 obligations by producing the documents to Defendant on March 16, 2011. It is clear from the history of this case that McBride and Saunders have worked closely with Defendant. In addition to the fact that their numerous arguments have reflected many of the frivolous arguments asserted by Defendant throughout this case, and have been asserted in motions that follow the form of motions prepared by Defendant, the documents relate to trusts established by Defendant and used, according to the government, to hide her assets. The Court also notes that McBride is present in the courtroom at every hearing the Court has held concerning Defendant's case.

Because it is apparent to the Court that Defendant has been intimately involved in the efforts of McBride and Saunders to prevent the government from obtaining documents by subpoena, and undoubtedly is familiar with the documents obtained, the Court also cannot conclude that Defendant will be prejudiced by the start of trial on April 19, 2011.

Defendant has been aware of the government's efforts to obtain the trust documents from before this case was filed. Defendant has been fully aware of the prolonged battle the government was required to undertake to obtain the documents from McBride and Saunders. Defendant cannot now claim surprise at the government's having marked the documents as trial exhibits.

Nor can the Court conclude that Defendant has had inadequate time to prepare for trial. This case has been pending for more than one year. Judge Murguia scheduled a final and firm trial date for March 15, 2011. Doc. 185. When the case was reassigned to this Judge, the firm trial date was moved to April 19, 2011. Doc. 195. The Court concludes that Defendant – who has knowingly chosen to represent herself – has had adequate time to prepare for trial.

The Court also observes that Defendant has chosen to use her preparation time to file numerous and largely frivolous motions. Defendant has filed at least 34 motions in this case. *See* Docs. 66, 67, 68, 69, 70, 71, 73, 90, 91, 92, 93, 94, 95, 96, 97, 98, 111, 112, 113, 114, 115, 116, 117, 119, 137, 138, 139, 166, 177, 170, 214, 215, 223, 224. Many of these motions are lengthy. The fact that Defendant has chosen to use her preparation time to file largely frivolous motions does not justify a continuation of the trial date for lack of time to prepare.

Trial will begin as scheduled on April 19, 2011 at 9:00 a.m. Counsel for the government, Defendant, and Defendant's shadow counsel should be present in the courtroom no later than 8:30 a.m.

Dated this 8th day of April, 2011.

David G. Campbell
United States District Judge