**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 10-0400 PHX DGC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Janice Sue Taylor, | ) ) | |
| Defendant. | ) ) ) | |

Trial in this case is scheduled to begin on Tuesday, April 19, 2011. At 3:25 p.m. on Friday, April 15, 2011, Defendants Janice Sue Taylor filed a document titled Emergency Motion for Continuance of Trial. Doc. 240. The motion stated that Defendant had retained a Colorado attorney to represent her, and asked that the trial be continued to allow the lawyer to prepare. For the reasons that follow, the Court will deny the motion.

**I.      Defendant Was Warned the Trial Would Not Be Continued for New Counsel.**

In August of 2010, Defendant asserted that she had found private counsel to represent her in this case and asked that her public defender, Susan Anderson, be discharged. Doc. 61-1 at 3. At a hearing on September 1, 2010, Defendant elected to represent herself until the new counsel appeared. More will be said of that election below. Defendant explained that friends had raised the money for counsel, that Defendant was not satisfied with her public defender because she did not have sufficient tax experience, and that a private attorney with experience in trying tax cases would be retained. Judge Murguia afforded Defendant three weeks – until September 22, 2010 – for new counsel to appear. *See* Court's Rough Livenote Transcript of 9/1/10 Hearing at 14, 25 ("9/1 Transcript").

At a hearing on October 4, 2010, Defendant stated that she had not yet retained counsel and requested additional time. Judge Murguia allowed Defendant two additional weeks, until October 22, 2010. Defendant confirmed her desire to represent herself until counsel could be retained. Judge Murguia expressly warned Defendant that she would represent herself at trial, which was then set for January 25, 2011, if she did not retain counsel in the next two weeks. *See* Court's Rough Livenote Transcript of 10/4/10 Hearing at 13-16 ("10/4 Transcript").

At a pretrial hearing on January 12, 2011, Defendant stated that she was still looking for counsel. Doc. 186 at 11. Judge Murguia responded that Defendant had received ample opportunity to retain counsel, the time for doing so had passed, and the case would proceed to trial. *Id*. at 12-17. Judge Murguia reminded Defendant that she had competent shadow counsel at her side – Ms. Anderson, the Federal Public Defender who had represented Defendant until she elected to represent herself on September 1, 2010 – and that Judge Murguia would be willing to reappoint Ms. Anderson as her primary counsel for purposes of trial. *Id*. Defendant declined, electing to proceed to trial representing herself. Defendant did request additional time to prepare, and Judge Murguia extended the trial date to March 25, 2011. *Id*. at 14.

The case was assigned to the undersigned judge when Judge Murguia was appointed to the Court of Appeals. At a hearing on February 9, 2011, the Court informed the parties that the existing trial date of March 25, 2011 would not work on the Court's calendar, and set a firm trial date of April 19, 2011. When Defendant informed the undersigned judge that she intended to be represented at trial by two prominent lawyers who had agreed to represent her, the following exchange occurred:

> THE COURT: Well, Judge Murguia indicated, Ms. Taylor, back on January 12th that she was not going to delay the trial while you found an attorney. I'm not going to either. We're not going to postpone this trial while you search for an attorney. We're going to trial in April.
>
> MS. TAYLOR: Well, I have two attorneys already lined up, but I don't know if they can come in April or not.
>
> THE COURT: Well, we're going to trial on the date that I set for trial.

> And you've chosen to represent yourself and you will represent yourself at trial if you don't have lawyers to represent you at that point. But if you get a lawyer who comes in to represent you and he asks for a continuance of the trial date, I'm going to say no. So as you talk to these lawyers, they need to understand if they're going to represent you they need to be ready on the day we go to trial.

*Id*. at 14-15.

Following the hearing, the Court entered an order emphasizing these points and reminding Defendant that Ms. Anderson was still available to represent her:

> During the status conference on February 9, 2011, the Court set a firm trial date of April 19, 2011 at 9:00 a.m. Defendant Taylor stated that she may seek to retain counsel to represent her in this case. The Court advised Defendant Taylor that the trial date would not be postponed for her representation by new counsel. Defendant Taylor elected months ago to represent herself in this case, after careful warnings by Judge Murguia, and the Court will not delay the resolution of this case for the late arrival of counsel. The Court takes this position in light of the fact that Ms. Taylor has shadow counsel, Susan Anderson, in this case. Ms. Anderson is familiar with the case and fully capable of representing Defendant at trial if Defendant chooses to be represented by a lawyer. Defendant Taylor has the right to counsel if she chooses to exercise that right, but not the right to counsel of her own choosing at the expense of a speedy resolution of this case. Thus, if Ms. Taylor chooses to be represented by counsel at trial and cannot arrange for her own counsel to be ready for trial to begin on April 19, 2011, she promptly should notify Ms. Anderson so that Ms. Anderson may be prepared to represent her at trial.

Doc. 199. Defendant never notified Ms. Anderson or the Court that she wished to be represented by Ms. Anderson at trial.

The Court held a final pretrial conference on April 1, 2011. The Court spent a substantial amount of time explaining to Defendant what evidence and arguments would and would not be permitted at trial. Defendant requested a continuance of the trial to allow for additional preparation, but did not mention that she was still seeking counsel to represent her. The sole basis for her request for additional time was a claim that the government had only recently produced a substantial number of documents to be used at trial. The Court held a further hearing on this issue on April 7, 2011, and denied Defendant's request for a continuance. Doc. 234. The Court's order confirmed that trial would start on April 19, 2011.

Given this history, Defendant's last-minute request for a trial continuance based on newly retained counsel is clearly improper. After stating that she had found private counsel

- 3 -

to represent her in August of 2010, Defendant was given weeks for that lawyer to appear. When Defendant failed to retain counsel, Judge Murguia and the undersigned judge repeatedly told her that trial would not be postponed by the late arrival of a lawyer. Defendant told the Court on February 9, 2011, that she had defense counsel "lined up." Doc. 203 at 14-15. The Court expressly warned Defendant that counsel needed to enter the case quickly to be prepared for the April trial, and that a continuance would not be granted for a delayed arrival. *Id.* Given this background, Defendant's notice to the Court last Friday afternoon can only be viewed as a deliberate delaying tactic. As warned, the Court will not postpone the trial based on Defendant's last-minute retention of counsel, particularly since she has had fully competent counsel at her elbow throughout this proceeding. Defendant has been warned repeatedly that trial would not be postponed for this reason. Trial begins tomorrow.

**II.     Defendant's Knowing Waiver of the Right to Counsel.**

Before reaching the decision set forth above, the Court reviewed the record carefully to ensure that Defendant's election of self-representation was knowing and intelligent. The Court concludes that it was.

In felony cases, a defendant's waiver of her right to counsel must be knowing and intelligent. *Faretta v. California*, 422 U.S. 806, 835 (1975). A defendant must be "'made aware of (1) the nature of the charges against [her]; (2) the possible penalties; and (3) the dangers and disadvantages of self-representation.'" *United States v. Hayes*, 231 F.3d 1132, 1136 (9th Cir. 2000) (quoting *United States v. Hernandez*, 203 F.3d 614, 624 (9th Cir. 2000)). The focus is on what the Defendant understood at the time of her election, and a reviewing court must "look to the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." *United States v. Gerritsen*, 571 F.3d 1001, 1012 (9th Cir. 2009).

Defendant asked to represent herself on September 1, 2010. In response, Judge Murguia engaged in an extensive colloquy about the request. Judge Murguia and the prosecutor explained the charges pending against Ms. Taylor and their possible penalties.

9/1 Transcript at 3-5, 14-15. Judge Murguia explained that this tax prosecution involves a complex area of the law (*id.* at 16) and that Defendant would be obligated to know how the legal process works, the rules of evidence, the sentencing guidelines, and how to deal with all issues that would arise in a federal court proceeding and trial (*id.* at 22). Judge Murguia advised Defendant that she would have no greater rights than a defendant represented by counsel and that the trial judge would not be obligated to assist or guide her. *Id.* at 26. Judge Murguia repeatedly advised Defendant that she needed counsel (*id.* at 13, 14); that it was in her best interest to have a lawyer (*id.* at 17); and that although Defendant was well versed in the law, she had not attended law school and it would be a "grave mistake" for her to represent herself (*id.* at 23). Defendant stated that she understood these warnings and the importance of having a lawyer, but nonetheless elected to represent herself. *Id.* at 23-24. Judge Murguia also confirmed on the record that Defendant had a high school education, had received additional schooling in real estate, had worked as a legal secretary and paralegal, and was mentally competent to represent herself. *Id.* at 8, 24. Defendant also stated that she had been speaking with law professors about how to represent herself in the case. *Id.* at 21.

On October 4, 2010, after Defendant had failed to retain counsel, Judge Murguia again had an extended discussion with Defendant on the record. Judge Murguia again advised Defendant that it was a mistake to represent herself, that the case would be "detailed and complex," and that Defendant should reconsider her decision. 10/4 Transcript at 18-22. Judge Murguia again confirmed Defendant's mental competency, and offered to reappoint Ms. Anderson to represent her at trial. *Id.* at 18-19. Defendant again elected to represent herself. *Id.* at 16-22. Although Defendant maintained that she intended to hire counsel to represent her at trial, Judge Murguia made clear that trial would not be postponed for that reason. *Id.* at 14-15.

At the hearing on February 9, 2011, Defendant stated that she had a long list of witnesses she intended to call at trial and that Ms. Anderson had been explaining to her the voir dire and jury instruction process. Doc. 203 at 15, 22. The Court confirmed that Ms. Anderson was a good resource for understanding the trial process. *Id.* In fact, Ms. Anderson

- 5 -

has been at Defendant's side in every court hearing. Defendant frequently has turned to her with questions and for advice. Ms. Anderson has come to hearings prepared, with copies of motions to be addressed. The Court is confident that Defendant has been ably advised by Ms. Anderson, a competent and capable trial attorney.

The Court also notes that Defendant is not a litigation novice. Defendant represented herself throughout most of the extended proceedings in *United States v. Taylor*, No. CV 06-3121-PHX-SRB (D. Ariz.), a case which resulted in Defendant's lengthy incarceration for refusal to produce documents to the Internal Revenue Service. Defendant also represented herself in several other civil cases in this district, including *Taylor v. United States*, No. CV 07-977-PHX-SRB, *Taylor v. Bolton*, CV 07-1775-PHX-DGC, and *Taylor v. Cody*, No. CV 07-2095-PHX-DGC. These civil cases are not tantamount to defending oneself in a criminal trial, but they do demonstrate that Defendant knows the legal system and how to file and pursue actions. The records in these cases, particularly the first, also show that defendant has appeared numerous times in courtroom proceedings on her own behalf.

The Court further notes that Defendant is well versed in legal filings. In this case alone she has filed more than 34 motions. *See* Docs. 66-71, 73, 90-98, 111-17, 119, 137-39, 166, 170, 177, 214-15, 223-24. In the last two weeks, when Defendant has known trial was imminent, she has filed more than 120 pages of arguments and jury instructions, most of them heavily researched and well-cited. Docs. 223-24, 232-33, 238, 240. Clearly, Defendant has the ability to conduct legal research and draft pleadings.

In sum, the Court is fully satisfied that Defendant has been "made aware of (1) the nature of the charges against [her]; (2) the possible penalties; and (3) the dangers and disadvantages of self-representation." *Hayes*, 231 F.3d at 1136. The charges and possible penalties were described in detail by the prosecutor and Judge Murguia. Although Judge Murguia did not follow a script in advising Defendant of the dangers and disadvantages of self-representation, no script is required. *Gerritsen*, 571 F.3d at 1011. Judge Murguia explained that this tax prosecution is complex, that the trial would be complex and detailed, that Defendant did not have legal training, that she would be obligated to know how the legal

- 6 -

1  process works, the rules of evidence, the sentencing guidelines, and how to deal with all
2  issues that would arise in a federal court proceeding and trial.  Judge Murguia advised
3  Defendant that she would have no greater rights than a defendant represented by counsel and
4  that the trial judge would not be obligated to assist or guide her.  Judge Murguia repeatedly
5  advised Defendant that she needed counsel, that it was in her best interest to have a lawyer,
6  and that it would be a grave mistake for her to represent herself.  The record reviewed by the
7  Court reflects that Defendant listened to and understood these warnings, even expressing
8  appreciation for Judge Murguia's concerns.  Defendant nonetheless elected to represent
9  herself, knowing full well that she would be required to represent herself at trial if counsel
10 was not timely retained.  As a precaution, Judge Murguia appointed Ms. Anderson to act as
11 shadow counsel for Defendant, and Ms. Anderson clearly has been performing that
12 assignment with diligence.

**III.  Conclusion.**

Defendant's waiver of her right to counsel was knowing and voluntary.  She understands the nature of the charges against her, the possible penalties, and the dangers and disadvantages of self-representation.  Defendant has also been afforded ample opportunity to retain counsel, and has been advised and warned more than once that a last-minute appearance of counsel would not delay this trial.  The Court therefore will deny her motion for a trial continuance.

**IT IS ORDERED** that Defendant's Emergency Motion for Continuance of Trial (Doc. 240) is **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on April 15, 2011 for a total of 5 days.

DATED this 18th day of April, 2011.

*David G. Campbell*
David G. Campbell
United States District Judge

- 7 -