**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 10-0400 PHX DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Janice Sue Taylor, | |
| Defendant. | |

Defendant Janice Sue Taylor has filed a motion for judgment of acquittal or a new trial. Doc. 270. The government has filed a response (Doc. 271) and Defendant has filed additional memoranda (Docs. 274, 275). No party has requested oral argument. For reasons that follow, the Court will deny Defendant's motion.

1. Defendant argues that she was denied competent counsel, that she did not knowingly choose to represent herself, and that the Court should have continued the trial date on the basis for her last-minute motion for the appearance of new counsel. The Court addressed all of these arguments in its order dated April 18, 2011 (Doc. 243), and will not repeat its analysis here. The Court also notes that Defendant Taylor's shadow counsel, Susan Anderson of the Federal Public Defender's Office, is an experienced trial lawyer who assisted Defendant throughout trial. Ms. Anderson sat at Defendant's side through pretrial and trial proceedings, conferred often with Defendant on trial-related issues, accompanied Defendant to sidebar for conferences, assisted Defendant in managing exhibits, consulted with Defendant on jury instructions and other legal issues, and coached Defendant during direct and cross-examination.

2. Defendant argues that she was denied a jury of her peers – which she characterizes as "free enterprise business men" – and asserts that there was a systematic and intentional exclusion of "all Citizens of Arizona," Doc. 270 at 2. As far as the Court is aware, all of the jurors were citizens of Arizona and some worked in or operated businesses. The Court is aware of no systematic and intentional effort to exclude any class of jurors, and Defendant provides no evidence of such efforts.

3. Defendant argues that she and the grand jury were denied exculpatory evidence, but the only specific evidence Defendant identifies is Exhibit 151. Doc. 270 at 3-4. Exhibit 151, however, was a government exhibit that included documents related to an account for Peacepipe LLC admitted into evidence. Doc. 260 at 7. Defendant may be referring to Exhibit 516, which contained an extensive collection of letters Defendant sent to the IRS, legal cases, and material related to the Fair Debt Collections Practices Act. Doc. 261. During trial on the morning of April 26, 2011, the Court engaged in an extended discussion with Defendant about the admissibility of Exhibit 516. In response to the government's hearsay objection, and after conferring with her shadow counsel, Defendant said she did not want to introduce the exhibit for the truth of the matter asserted, but only to show that she sent letters to the IRS. Government counsel offered to stipulated that Defendant sent extensive correspondence to the IRS. The Court was willing to admit the letters with the proviso that they were not being admitted for the truth of the matter asserted, but the witness then testifying was unable to confirm that the IRS received any of them. As a result, Defendant said she would introduce the letters during her testimony, but Defendant ultimately chose not to testify. The Court cannot conclude from this course of events that Defendants was denied exculpatory evidence or a reasonable opportunity to present evidence to the jury. Moreover, the Court doubts that the contents of Exhibit 516 would have had any bearing on Defendant's case. The Court afforded Defendant considerable leeway at trial and she repeatedly made known her views of the tax laws and her history of dealings with the IRS. Finally, Defendant's vague assertion that the grand jury was not presented exculpatory evidence provides no basis for setting aside her conviction. *See Untied States v. Isgro*, 974

1  F.2d 1091, 1096 (9th Cir. 1992) ("prosecutors simply have no duty to present exculpatory evidence to grand juries").

4. Defendant contends that the government failed to present evidence that she is a resident of Arizona. But such evidence was not required for her conviction, and the government presented it anyway. Several witnesses and documents attested to Defendant's residences, business offices, and business and personal activities in Arizona. To the extent Defendant argues that the Court lacked jurisdiction for various reasons, the Court agrees with the authorities and arguments contained in the government's response. Doc. 271 at 4.

5. Defendant argues that Agent Bradley's calculations and testimony were hearsay. The Court does not agree. Agent Bradley testified as an expert witness on the basis of exhibits and evidence presented during trial. Defendant is simply incorrect in arguing that expert witnesses can testify only from their personal, first-hand knowledge, and not on the basis of information they review.

6. Defendant contends that she was not allowed to confront her accusers, that unspecified documents were admitted improperly, and that unspecified hearsay was received in evidence. Defendant was permitted to cross-examine every witness who testified. The Court cannot rule on her other unspecified objections.

7. The Court did not err in allowing Case Agent Votaw to sit at counsel table through trial. *See* Fed. R. Ev. 615(2).

8. Defendant complains generally about jury instruction, but fails to identify any specific instruction that was given or not given. Such a non-specific argument provides no basis for acquittal or a new trial.

9. Defendant cites numerous cases, most more than 80 years old, but has not shown that the Court's definition of "income" was erroneous. Nor did the Court err by relying on decisions from federal courts other than the Supreme Court.

10. Defendant contends that the Court unreasonably shortened her time for closing argument and gave the prosecutors more time than she received. Neither argument is correct. The Court allotted Defendant one hour for closing argument and gave her an additional 10

minutes when she needed more time. The government used 55 minutes for its closing and less than ten minutes for rebuttal. Both sides had ample time to cover all issues before the jury.

**IT IS ORDERED** that Defendant's motion for judgment of acquittal and for new trial (Doc. 270) is **denied**.

DATED this 1st day of July, 2011.

_____
David G. Campbell
United States District Judge