WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff/Respondent,<br><br>v.<br><br>Janice Sue Taylor,<br><br>　　　　　Defendant/Movant. | No.　CV12-01666-PHX-DGC (BSB)<br>　　　CR10-0400 PHX DGC<br><br>**ORDER** |

Movant Janice Sue Taylor filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. CVDoc. 1.[1] United States Magistrate Judge Bridget S. Bade issued a report and recommendation ("R&R") recommending that the motion be denied. CVDoc. 18 at 14. Movant filed an objection to the R&R on August 26, 2013. CVDoc. 19. For the reasons set forth below, the Court will accept the R&R and deny Movant's motion.

**I.　Background.**

On March 30, 2010, a grand jury indicted Movant on four counts of tax evasion and four counts of willfully failing to file tax returns. CRDoc. 1. Before trial, Movant moved to terminate her attorney and represent herself. CRDoc. 61. The Court granted her request, but directed the assigned federal public defender to remain on the case as advisory counsel. CRDoc. 248. The federal public defender assisted Movant throughout

---

[1] Documents filed in CV-12-01666-PHX-DGC will be referred to as "CVDoc." and documents filed in the related criminal action, CR-10-0400-PHX-DGC, will be referred to as "CRDoc."

trial. The jury found Movant guilty on all counts. CRDoc. 256. Shortly before her sentencing, Movant filed a notice that she was terminating her advisory counsel, and advisory counsel filed a separate motion to withdraw. CRDocs. 296, 297. The Court granted counsel's motion. CRDoc. 302. The Court sentenced Movant to seventy-eight months' in prison to be followed by three years of supervised release. CRDocs. 310, 311, 312, 314. Movant did not appeal.

**II.     Legal Standard.**

Under § 2255, a person in custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

**III.    Analysis.**

Movant objects to the R&R asserting six grounds: (1) the Court has no jurisdiction to prosecute tax crimes; (2) Title 18 is invalid, thereby undermining this Court's jurisdiction over criminal cases; (3) ineffective assistance of counsel; (4) failure to hold an evidentiary hearing; (5) prosecutorial misconduct; and (6) the Tax Code is unconstitutional.

**1.     Jurisdiction of U.S. District Courts under the IRS Code.**

Movant appears to argue in her first objection that a Supreme Court decision from 1796 bars this Court from hearing criminal cases prosecuting violations of the Internal Revenue Code. CVDoc. 19 at 3. Movant argues that Congress lacks the power to directly tax an individual's revenue or wages unless the tax is apportioned among the states. This argument lacks merit. *See Funk v. Commissioner*, 687 F.2d 264, 265 (8th Cir. 1982) (*per curiam*) ("There is no constitutional impediment to levying an income tax on compensation for a taxpayer's labors."); *Perkins v. C.I.R.*, 746 F.2d 1187, 1188 (6th Cir. 1984) ("§26 U.S.C. §61(a) is in full accordance with Congressional authority under

the Sixteenth Amendment to the Constitution to impose taxes on income without apportionment among the states.").

### 2. Jurisdiction of U.S. District Courts under 18 U.S.C. § 3231.

Movant argues that 18 U.S.C. § 3231 is unconstitutional because the underlying legislation "died upon adjournment *sine die*" and the enrolled bill was signed without a quorum present. CVDoc. 1 at 2, 8, 38-61. This argument is frivolous and has been rejected by many courts. *See, e.g., United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007) (rejecting as "unbelievably frivolous" the argument that the federal criminal code was unconstitutional due to irregularities in its enactment); *United States v. Levy*, 849 F.Supp.2d 1353, 1354-57 (S.D. Fla. 2012) (stating arguments that Title 18 was not constitutionally enacted have been rejected by all federal courts to have considered them); *Cardenas-Celestino v. United States*, 552 F.Supp.2d 962, 966-68 (W.D. Mo. 2008) (arguments that the federal criminal code was not constitutionally enacted are "part of a new rash of frivolous claims raised by prisoners across the country, many of whom have copied the arguments directly from Internet Websites.").

### 3. Ineffective Assistance of Counsel.

Movant's third objection asserts ineffective assistance of counsel. CVDoc. 19 at 8. She argues that "counsel rendered ineffective assistance during pre-trial [proceedings], trial, and appeal because she failed to investigate the facts and law related to the district court's jurisdiction under Title 18 and 18 U.S.C. § 3231, Title 21, the drug statutes, the States of Emergency, the Separation of Powers Doctrine, and failed to investigate the validity of Petitioner's indictment." CVDoc. 1 at 78-80. To establish ineffective assistance of counsel, Movant must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) she was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 688-92 (1984). Under the second prong, Movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693.

To the extent Movant asserts that her appointed counsel provided ineffective pre-trial assistance, her claim fails. Movant appears to argue that if appointed counsel had made the frivolous jurisdictional challenge addressed above, she would not have been convicted. CVDoc. 1 at 80. For reasons explained above, the Court disagrees.

To the extent Movant asserts that she provided ineffective assistance of counsel to herself, her claim fails. Movant chose to represent herself after being duly warned of the consequences, and any deficient performance in her self-representation cannot be a basis for § 2255 relief. *See Savage v. Estelle*, 924 F.2d 1459, 1466 (9th Cir. 1990) ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'").

### 4. Need For Evidentiary Hearing.

Movant asserts that it was a "major structural error" on the Magistrate Judge's part to deny an evidentiary hearing. CVDoc. 19 at 9. She claims that "a hearing is required on a Constitutional claim if the material facts were not adequately developed at the trial, the factual dispute was not resolved at the trial, the factual determination is not fairly supported by the record as a whole . . . ." *Id.* at 10. But Movant's arguments are not factual; they are entirely legal. As a result, an evidentiary hearing is not necessary. *See United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (holding that an evidentiary hearing is only required if movant alleges "specific facts that, if true, would entitle him to relief").

### 5. Prosecutorial Misconduct.

Movant argues that she was denied due process when prosecutors failed to present exculpatory evidence to the grand and trial juries. CVDoc. 19 at 10. Prosecutors generally have no obligation to present exculpatory evidence to grand juries. *See United States v. Seifert*, 648 F.2d 557, 564 (9th Cir. 1980) ("The prosecution was not required to present [exculpatory] evidence to the grand jury, and the appellants had no right to have it presented."); *United States v. Y. Hata & Co.*, 535 F.2d 508, 512 (9th Cir. 1976) (asserting that a prosecutor is under no duty to offer evidence to grand jury that might negate

suspect's guilt). Nor are they obligated to present exculpatory evidence during trial. They must disclose it before trial, but the burden rests on those charged with offenses to present exculpatory evidence during trial. Moreover, the evidence identified by Movant was not exculpatory.[2]

**6.    Constitutionality of Title 26.**

Movant's sixth objection asserts that title 26 is unconstitutional insofar as it authorizes a tax on Movant's labor or wages. This argument fails for the reasons stated above.

**IT IS ORDERED:**

1. The R&R (CVDoc. 18) is **accepted.**
2. The motion to vacate sentence (CVDoc. 1) is **denied.**
3. The renewed motion to dismiss indictment (CVDoc. 17) is **denied.**
4. A certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied**. Movant's claims are meritless, a point on which reasonable jurists could not disagree.
5. The Clerk is directed to **terminate** this action.

Dated this 24th day of September, 2013.

David G. Campbell
United States District Judge

---

[2] Movant filed no tax returns for 2003 through 2006 until she was charged by the Indictment with tax evasion. At that point she filed returns stating that she made zero income. RT 4/20/2011 at 20-22, 26-31. She also included falsified tax forms with the returns. *Id.* Three of the returns were admitted as trial exhibits. CR 260 at 7.

- 5 -