**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Janice Sue Taylor,<br><br>Defendant. | No. CR-10-00400-PHX-DGC<br><br>**ORDER** |

In April 2011, Defendant Janice Taylor was found guilty by a jury of multiple counts of tax evasion and willful failure to file tax returns. Doc. 262. She was sentenced to 78 months of incarceration and ordered to pay more than two million dollars in restitution. Doc. 314. She was released from prison in August 2017.

The government has begun efforts to enforce the restitution obligation. It has served interrogatories and requests for production of documents, noticed depositions, and issued subpoenas to financial institutions that may have funds belonging to Defendant. Docs. 336, 343, 348. The government also has served subpoenas on Defendant, her daughter Desiree Saunders, and Ronald McBride. They have filed motions to quash the subpoenas and motions for recusal. Docs. 342, 349, 353-55. The motions will be denied.

**A. Motions to Quash.**

These motions challenge jurisdiction and assert that the criminal case number has fraudulently been used on the civil subpoenas. The contention that the government must establish personal jurisdiction over Defendant and her "private affairs" is without merit.

The government has no such burden, and the Court has jurisdiction to enforce restitution in this case through the issuance of civil subpoenas. *See United States v. Carter*, 742 F.3d 440, 445 (9th Cir. 2014) ("The district court retained the power to enforce the order of restitution, even if it did not condition supervised release on complying with a particular payment schedule.").

In seeking to collect the restitution judgment, the government may seek "discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure." 28 U.S.C. § 3015(a); *see* 18 U.S.C. § 3613(a), (f) (the United States may enforce an order of restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law"); 18 U.S.C. § 3664(m)(1)(A) ("An order of restitution may be enforced by the United States in the manner provided for in [§ 3613 and] by all other available and reasonable means."). This includes the issuance of civil subpoenas to Defendant and other persons and entities with relevant information. *See* Fed. R. Civ. P. 45. And as the government notes in its response, courts have held that civil subpoenas issued to collect criminal restitution may issue under the criminal case number in which the restitution was ordered. Doc. 346 at 4 (citing cases).

Ms. Saunders asserts in conclusory fashion that the subpoenas are overbroad, unduly burdensome, and meant to embarrass and harass her. Doc. 342 at 2-4. "The party that moves to quash a subpoena has the burden of persuasion." *Dinkins v. Schinzel*, No. 2:17-CV-01089-JAD-GWF, 2017 WL 4183115, at *1 (D. Nev. Sept. 19, 2017). Ms. Saunders has not met her burden. The motions to quash will be denied.

### B. Motions for Recusal.

These motions claim that the undersigned judge "cannot make a fair and unbiased decision without prejudice to his own rulings." Doc. 349 at 2. A district judge should disqualify himself in any proceeding in which his "impartiality might reasonably be questioned" or where he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C.

§ 455(b). But recusal is required only if the bias or prejudice stems from an *extra-judicial* source, not from conduct or rulings during the course of the proceedings. *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1046 (9th Cir. 1987); *see United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (judge's prior adverse rulings are insufficient cause for recusal). In this case, the Court does not have a personal bias or prejudice concerning Defendant or her daughter, nor does the Court have extra-judicial knowledge of any facts at issue in this proceeding. The Court also discerns no appearance of impropriety in deciding the issues before it. The motions for recusal are denied.

**IT IS ORDERED** that the motions to quash and motions for recusal (Docs. 342, 349, 353, 354, 355) are **denied**.

Dated this 14th day of May, 2018.

_____
David G. Campbell
United States District Judge